DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas, which found appellant guilty of one count of aggravated vehicular homicide, in violation of R.C. 2903.06(A)(1), a felony of the second degree; one count of aggravated vehicular assault, in violation of R.C. 2903.06(A)(2), a felony of the third degree; and, one count of driving under the influence, in violation of R.C. 4511.19(A)(1), a misdemeanor of the first degree. Appellant was sentenced to serve consecutive terms of *Page 2 
incarceration of four years, 18 months, and six months, respectively. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appointed counsel, Sarah Nation, has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In her brief filed on appellant's behalf, appointed counsel sets forth three proposed assignments of error. In support of the request to withdraw, counsel for appellant states that, after reviewing the record of proceedings from the trial court below, she was unable to find any meritorious appealable issues.
 {¶ 3} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be utilized by an appointed counsel who desires to withdraw based upon the lack of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he or she should so advise the court and request permission to withdraw. Id. at 744. Such a request must be accompanied by a brief identifying anything in the record which could arguably support an appeal. Id.
 {¶ 4} In the course of seeking to withdraw pursuant toAnders, counsel must also furnish the client with a copy of the brief, the request to withdraw, and furnish the client sufficient time to raise any matters that the client wishes to on a pro se basis. Once these criteria have been met, the appellate court must conduct a full examination of the proceedings from below and determine if the appeal is frivolous. If it is determined that the appeal is frivolous, then the appellate court may grant counsel's request to withdraw *Page 3 
and dismiss the appeal without violating constitutional requirements or it may proceed to decision on the merits. Id.
 {¶ 5} In the case before us, appointed counsel for appellant has satisfied the Anders requirements. This court further finds that appellant was notified by counsel of his right to file an appellate brief on his own behalf and has done so. This court shall proceed with an examination of the potential assignments of error proposed by counsel for appellant, appellant's pro se brief, and the record from below in order to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 6} Counsel for appellant sets forth the following three proposed assignments of error:
 {¶ 7} "I. The trial court committed prejudicial error in sentencing appellant to consecutive and maximum sentences.
 {¶ 8} "II. The trial court committed prejudicial error in failing to give consideration to the factors listed in R.C. 2929.11, 2929.12 and2929.13.
 {¶ 9} "III. The trial court erred in considering hearsay information at the sentencing hearing."
 {¶ 10} Appellant, Roger Newman, sets forth the following five additional assignments of error:
 {¶ 11} "I. Appellant was denied effective trial counsel as prescribed by the Sixth Amendment to the Federal Constitution when counsel abandoned a facially meritorious motion to suppress the blood evidence obtained by investigators unlawfully. *Page 4 
 {¶ 12} "II. Appellant was denied effective trial counsel as prescribed by the Sixth Amendment to the Federal Constitution when he advised appellant that accepting the proposed plea agreement with the State of Ohio would have the same force and effect as prevailing on the motion to suppress the blood evidence.
 {¶ 13} "III. The Trial Court committed reversible error when it misinformed the appellant during a plea colloquy of the elements of the offense the State would have had to prove had the matter gone to trial.
 {¶ 14} "IV. The Trial Court committed reversible error when it failed to rule on appellant's pre-trial motion to suppress the blood evidence, failed to inform the appellant that a plea of guilty would waive any suppression issues on appeal, and failed to inquire if after being so advised, the appellant still wished to enter a plea of guilty.
 {¶ 15} "V. Appellant's plea of guilt was not made intelligently, knowingly, and voluntarily, having been made after he was misinformed as to the effect of the plea in relation to the suppression issue, unaware that his motion to suppress would no longer be decided by the trial court, misinformed by the trial court on the elements of the offense, and unaware the plea of guilty would waive his right to have the appellate court review any suppression issues."
 {¶ 16} The following undisputed facts are relevant to the issues raised on appeal. On September 22, 2006, appellant was operating his motor vehicle under the influence of cocaine. Appellant recklessly failed to comply with a posted stop sign, struck a lawfully *Page 5 
traveling vehicle, and caused a severe collision. The driver of the other vehicle was killed and appellant's passenger was seriously injured.
 {¶ 17} Appellant was indicted on two counts of aggravated vehicular homicide, two counts of aggravated vehicular assault, operating a motor vehicle while under the influence, and operating a motor vehicle while under the influence with a cocaine specification.
 {¶ 18} On June 15, 2007, counsel for appellant filed a motion to suppress blood evidence. Counsel for appellant utilized the pending motion to suppress as a strategic tool and negotiated a plea agreement for appellant with the state of Ohio.
 {¶ 19} Appellant's criminal history included multiple prior drug offenses. The year before the fatality accident was caused by appellant, appellant was given the opportunity for voluntary drug treatment intervention in lieu of conviction. Due to repeated positive cocaine tests, violating program policies, giving his Wellbutrin prescription to another resident, and not exhibiting any progress in treatment, appellant was unsuccessfully terminated from treatment at both S.A.S.I. and the S.E.A.R.C.H. community-based correctional treatment programs. Several months later, appellant caused the fatal motor vehicle accident underlying this case while driving under the influence of cocaine.
 {¶ 20} On September 14, 2007, in conjunction with a voluntarily negotiated plea between the parties, appellant pled guilty to one count of vehicular homicide, one count of vehicular assault, and operating under the influence count without the cocaine *Page 6 
specification. In exchange, the state of Ohio dismissed the remaining three charges against appellant. Appellant was sentenced to serve consecutive terms of incarceration of four years, 18 months, and six months, respectively. Timely notice of appeal was filed.
 {¶ 21} In the first proposed assignment of error by counsel for appellant, it is suggested that the trial court committed prejudicial error in sentencing appellant to consecutive and maximum sentences. As correctly conceded by counsel for appellant, the trial court is vested with full discretion to impose any sentence within the statutory range without any corollary requirement to issue specific reasons or findings prior to imposition of such a sentence.
 {¶ 22} The record shows that the disputed sentence comported withState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, did not cite or rely upon severed provisions, and need not be remanded for resentencing forFoster related reasons. We find the first proposed assignment of error by counsel for appellant is not well-taken.
 {¶ 23} In the second assignment of error proposed by counsel for appellant, it is suggested that the trial court failed to give proper consideration to non-severed statutory sentencing factors when sentencing appellant. We need not belabor our analysis on this suggested point. We note that the sentencing transcript clearly establishes that the trial court properly considered and specifically referenced R.C. 2929.11, 2929.12, and 2929.13 in the course of sentencing appellant. We find the second proposed assignment of error by counsel for appellant is not well-taken. *Page 7 
 {¶ 24} In the third assignment of error proposed by counsel for appellant, it is suggested that the trial court improperly considered hearsay evidence in sentencing appellant. Specifically, the trial court considered a staff report prepared by the S.E.A.R.C.H. program from which appellant was unsuccessfully removed. It is well-established that reliable hearsay evidence is admissible in sentencing hearings.State v. Lee (1998), 128 Ohio App.3d 710, 719. The record contains no evidence that the report reviewed and considered by the trial court in sentencing appellant was in any way false or unreliable with respect to appellant's participation in, and unsuccessful termination from, the program. We find the third assignment of error proposed by counsel for appellant not well-taken.
 {¶ 25} We will next consider appellant's pro se assignments of error. As a preliminary matter, we note that appellant's five assignments of error are rooted in two underlying contentions; (1) ineffective assistance of counsel and, (2) lack of a voluntary, knowing, and intelligent plea of guilty.
 {¶ 26} Appellant's first two assignments of error assert ineffective assistance of counsel and thus will be considered simultaneously. Appellant contends that his trial counsel's determination not to proceed with the motion to suppress the blood evidence upon reaching a plea deal should be construed as ineffective assistance of counsel. In addition, appellant contends that he was under the impression that his negotiated plea agreement would culminate in the same end result that would have occurred had he gone forward and successfully prevailed on the motion to suppress. In support, appellant *Page 8 
repeatedly speculates that the motion to suppress would have been meritorious and would have necessarily resulted in a more favorable outcome in comparison to the negotiated plea agreement.
 {¶ 27} To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied upon as having produced a just result. The standard proof requires appellant to satisfy a two-pronged test. First, appellant must show that the counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's perceived errors, the results of the proceeding would have been different. Strickland v. Washington (1984),466 U.S. 668. See, also, State v. Plassman, 6th Dist. No. F-07-036,2008-Ohio-3842. This burden of proof is high given Ohio's presumption that a properly licensed attorney is competent. State v. Hamblin (1988),37 Ohio St.3d 153.
 {¶ 28} In support of his first two assignments, appellant places determinative reliance on his wholly unsupported contention that the motion to suppress blood evidence was indisputably meritorious, would have prevailed, and would have invariably resulted in a more favorable sentencing outcome for appellant. Appellant furnishes two affidavits, one from his mother and one from his wife. Both affidavits similarly assert without factual support that the motion to suppress was unquestionably meritorious and that trial counsel so claimed to appellant during his representation. *Page 9 
 {¶ 29} We have carefully scrutinized the record from below for any indicia to support appellant's claim that he received ineffective assistance of trial counsel. We find that trial counsel's utilization of the pending motion to suppress to leverage a more beneficial plea agreement constitutes discretionary trial strategy and, as such, does not support a claim of ineffective assistance of counsel. State v.Mason (1998), 82 Ohio St.3d 144.
 {¶ 30} We have no objective or factual basis to second-guess counsel's trial strategy. We reiterate that the plea agreement culminated in half of the pending charges being dismissed. Appellant's subjective and unsupported speculation of a preferable potential sentencing outcome had the motion gone forward and the plea deal not been struck does not constitute legally sufficient evidence of unreasonable representation or of a different outcome but for perceived errors of counsel. We find appellant's first two assignments of error not well-taken.
 {¶ 31} Appellant's final three assignments of error each center upon the common contention that appellant's plea was not done voluntarily, knowingly, and intelligently.
 {¶ 32} In the third assignment of error, appellant contends that the trial court misstated the elements of the offenses pending against him during the plea colloquy. In the fourth assignment of error, appellant contends that the trial court erred in failing to specifically instruct appellant that due to a negotiated plea being reached, the pending motion to suppress would not be ruled upon and then inquire whether appellant still *Page 10 
wished to do the plea. In the fifth assignment of error, appellant unilaterally concludes that his guilty plea was not made voluntarily, knowingly, and intelligently.
 {¶ 33} Under Crim. R. 11(C), the trial court is required to determine whether an offender's guilty plea is knowing, intelligent, and voluntary. State v. Engle (1996), 74 Ohio St.3d 525. Accordingly, we have thoroughly reviewed the transcript of proceedings from below in this matter for any indicia that appellant's Crim. R. 11 rights were deficient or compromised.
 {¶ 34} On the contrary, the transcript unambiguously establishes that the trial court engaged in a thorough, precise and detailed colloquy with appellant. The trial court fully reviewed each element of each offense with appellant and affirmed his understanding of same. The trial court completely reviewed each of appellant's rights being waived as a result of the negotiated plea agreement.
 {¶ 35} We find that the trial court properly instructed appellant as to the elements of the offenses, the rights being waived, and that the record establishes that appellant's plea was in conformity with Crim. R. 11. We find appellant's remaining assignments of error not well-taken.
 {¶ 36} Accordingly, upon our own independent review of the record, we find no grounds for meritorious appeal. The appeal is found to be without merit. Appellant's counsel's motion to withdraw is found well-taken and is granted.
 {¶ 37} The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for *Page 11 
the clerk's expense incurred in preparation for the record, fees allowed by law, and the fee for filing in the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1