[Cite as *State v. Johnson*, 2010-Ohio-6387.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   10 MA 32 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| SCOTT JOHNSON, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
                              Court, Case No. 09CR1058.


JUDGMENT:                     Affirmed.


APPEARANCES:
For Plaintiff-Appellee:        Attorney Paul Gains
                               Prosecuting Attorney
                               Attorney Ralph Rivera
                               Assistant Prosecuting Attorney
                               21 West Boardman Street, 6th Floor
                               Youngstown, Ohio  44503


For Defendant-Appellant:       Attorney Scott Essad
                               5815 Market Street, Suite 1
                               Youngstown, Ohio  44512


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: December 22, 2010

VUKOVICH, P.J.

¶{1}    Defendant-appellant Scott Johnson appeals the sentence entered by the Mahoning County Common Pleas Court after he entered a plea to aggravated vehicular homicide and aggravated vehicular assault.  He makes multiple arguments in support of his contention that the imposition of consecutive sentences was clearly and convincingly contrary to law and constituted an abuse of discretion.  For instance, he contests the sentencing court's consideration of the statement of the victim's sister and the statement of the prosecutor that appellant's urine tested positive for various drugs.  The Rules of Evidence do not apply at sentencing; thus, hearsay is admissible if it is reliable.  As there is no indication that the contested statements were unreliable, the court was permitted to consider them.  In addition, courts can use a dismissed charge as a sentencing consideration.

¶{2}    Appellant also argues that *Oregon v. Ice* (2009), __ U.S. __, 129 S.Ct. 711, 172 L.Ed.2d 517 requires that courts return to the practice of applying the consecutive sentencing factors in R.C. 2929.14(E)(4), which section was excised by *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.  However, until the Ohio Supreme Court makes its decision in *State v. Hodge*, Sup. Ct. Case No. 2009-1997 regarding the effect of *Ice,* we shall not disturb our application of the *Foster* precedent

¶{3}    Finally, appellant contends that consecutive sentences were not consistent with the purposes and principles of sentencing.  Although there were two victims, appellant emphasizes that the offenses occurred as a result of one vehicular accident.  However, this downplays the circumstances surrounding the accident and appellant's criminal history.  The trial court had full discretion to impose consecutive sentences.  For these and the following reasons, the judgment of the trial court is affirmed.

<u>STATEMENT OF THE CASE</u>

¶{4}    On July 11, 2009, appellant was driving under a suspended license in Campbell, Ohio.  He crashed into another vehicle, left the scene of that accident,

drove the wrong way down Robinson Avenue, and then crashed into a building. Robert Killing Jr., the front seat passenger, was killed. Craig Davis, the back seat passenger, was injured. Appellant's urine tested positive for marijuana, cocaine, methadone, and opiates. (Tr. 3).

¶{5} Appellant was indicted on four counts: (1) first-degree felony aggravated vehicular homicide, for causing a death as a proximate result of driving under the influence in violation of R.C. 2903.06(A)(1)(a), (B)(2)(b)(i); (2) second-degree felony aggravated vehicular assault, for causing a serious injury as a proximate result of driving under the influence in violation of R.C. 2903.08(A)(1)(a), (B)(1)(a); (3) driving under the influence in violation of R.C. 4511.19(A)(1)(a), (G)(1); and (4) driving under suspension in violation of R.C. 4511.11(A).

¶{6} On November 20, 2009, a negotiated plea agreement was entered. The state dismissed counts three and four. Appellant pled guilty to count one, which the state amended to third-degree felony aggravated vehicular homicide, which entails proximately causing a death while driving recklessly. See R.C. 2903.06(A)(2)(a). Appellant then pled no contest to count two, which the state amended to third-degree felony aggravated vehicular assault, which entails proximately causing a serious injury while driving recklessly. See R.C. 2903.08(A)(2)(b).

¶{7} The sentencing hearing was held on January 21, 2010. The decedent's sister gave a statement asking for a strict sentence. (Tr. 4-5). The defense presented a letter from the decedent's long-time girlfriend. She asked for leniency, urging that the decedent would not have wanted appellant, his good friend, to be sentenced to prison. (Tr. 6-8). Appellant apologized. He also stated that the levels of drugs in his system were too low to influence his driving. (Tr. 11).

¶{8} In a January 22, 2010 judgment entry, the court sentenced appellant to three years on count one and two years on count two to run consecutively for a total of five years in prison. Appellant's license was suspended for life on count one. Appellant filed a timely appeal, wherein he proposes the following assignment of error: "The trial court's sentencing of appellant Scott A. Johnson was clearly and convincingly contrary to law as well as an abuse of discretion." As appellant sets forth

various arguments within this assignment of error, we shall categorize our analysis accordingly.

## HEARSAY AT SENTENCING

¶{9} First, appellant posits that the sentencing court should not have cited unreliable hearsay in support of its sentence. (Tr. 18). Specifically, the injured victim did not appear at sentencing, but the decedent's sister testified as to what he told her. She stated in pertinent part that the injured victim "told myself that my brother, Robert Killing, and himself were pleading and begging Mr. Johnson to slow down, and the more they asked him to slow down, the faster he went." (Tr. 4).

¶{10} The state responds by noting that appellant did not object to the testimony at sentencing and thus waived any arguments on the court's consideration of this testimony at sentencing. See Crim.R. 52(B). The state also points out that the proscriptions on hearsay evidence do not apply at sentencing hearings. That is, Evid.R. 101(C)(3) specifically states that the Rules of Evidence do not apply at miscellaneous criminal proceedings which are defined as including sentencing proceedings.

¶{11} It is well-settled that the Confrontation Clause does not apply to sentencing proceedings. *Williams v. New York* (1949), 337 U.S. 241, 246-250 (holding that defendant has no constitutional right at sentencing to confront witnesses and that sentencing court can consider full range of relevant information about defendant including hearsay). See, also, *U.S. v. Katzopoulos* (C.A.6, 2006), 437 F.3d 569, 576. "During the sentencing phase of a criminal proceeding, a court's sentence is based upon many contextual factors of the case, including the gravity of the offense and the character and history of the defendant." *State v. Williams*, 11th Dist. Nos. 2007-L-131, 2007-L-137, 2008-Ohio-2122, ¶36 (sentencing court has broad discretion to gather facts that need not be proven as in a trial), citing *State v. Barker* (1978), 53 Ohio St.2d 135, 150-151 (sentencing court can consider information which would not have been admissible at trial).

¶{12} Appellant cites *State v. Cook* (1998), 83 Ohio St.3d 404 for the proposition that any hearsay presented is subject to a reliability test. In *Cook*, the

Supreme Court stated that the Rules of Evidence do not strictly apply to sexual predator hearings and thus "reliable hearsay," such as the statements gathered by a probation officer in a presentence investigation report and the statements within the victim impact statement, are admissible. *Cook*, 83 Ohio St.3d at 425-426 (equating a sexual predator hearing to a sentencing hearing for purposes of the "miscellaneous criminal proceedings" exception to the Rules of Evidence). The evidence considered by the trial court included statements regarding uncharged sexual conduct with a minor. Id. at 424-425 (reversing appellate court's determination that double hearsay cannot be used at sexual predator hearing). See, also, *State v. Cook* (Aug. 7, 1997), 3d Dist. No. 1-97-21.

¶{13} Pursuant to statute, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with R.C. 2930.14, and, with the approval of the court, any other person may present information at the sentencing hearing relevant to the imposition of sentence. R.C. 2929.19(A). Furthermore, the sentencing court shall consider the record, any information presented at the hearing by any person pursuant to division (A), any presentence investigation report, and any victim impact statement. R.C. 2929.19(B)(1); R.C. 2947.051.

¶{14} The decedent's sister had information that was relevant to the imposition of sentence as the totality of the circumstances surrounding the offense and those involving the defendant's character are pertinent. This witness was the decedent's victim representative. Thus, she was permitted to present the information she possessed pursuant to R.C. 2929.19(A), and the court was required to consider it pursuant to R.C. 2929.19(B) and R.C. 2947.051.

¶{15} There was no indication in the record that the statement presented by the decedent's sister was unreliable. See *State v. Newman*, 6th Dist. No. OT-07-051, 2008-Ohio-5139, ¶24 (sentencing court can consider report prepared by program describing why appellant was removed from said program as long as there was no evidence in the record that the report was false or unreliable); *State v. Postway*, 12th Dist. No. CA2002-06-154, 2003-Ohio-2684, ¶18. The information presented here was no less reliable than a rumor within a presentence investigation that the *Cook* defendant molested another child but was never charged. Notably, it is often stated

that, unlike the standard at trial, hearsay is presumed to be reliable at sentencing. See, e.g., Comment, Does Anyone Really Read Law Reviews (1996), 25 Cap.U.L.Rev. 249, 252, fn. 22, citing Becker, Insuring Reliable Fact Finding in Guidelines Sentencing: Must the Guarantees of the Confrontation and Due Process Clauses Be Applied? (1993), 22 Cap.U.L.Rev. 1, 8-9.

¶{16} In fact, appellant had the opportunity at sentencing to object to or correct any information provided by the decedent's sister if it were in fact inaccurate. See *Cook*, 83 Ohio St.3d at 426 (defendant must object in order to preserve error that hearsay relied upon at sexual predator hearing was not reliable). Thus, appellant waived any challenge to the presentation and cannot now add matter to the record regarding reliability of the statement. See *State v. Bene*, 12th Dist. No. CA2005-09-090, 2006-Ohio-3628, ¶21 (defendant failed to object to prosecutor's description of his interview with child-victims to the sentencing court).

¶{17} Appellant's failure not only constitutes waiver, but it also suggests that the information was in fact reliable. See *State v. Williams* (1986), 23 Ohio St.3d 16, 23 (holding that a defendant has no right to confrontation at post-conviction hearing, he only has to challenge inaccuracies in hearsay presented, and defendant must challenge the accuracy of hearsay statements below in order to raise issue on appeal). See, also, *State v. Patterson*, 7th Dist. No. 00CA238, 2003-Ohio-1077, ¶33 (defendant's failure to contest accuracy of hearsay allegations at sexual predator hearing of prior acts of child sexual abuse allows court to consider them). As such, there is no indication that the sentencing court abused its discretion in considering the statement presented by the decedent's sister as reliable hearsay.

¶{18} To reiterate, live or first-hand testimony is not required at sentencing in order for the court to be informed of surrounding facts and circumstances and the defendant's personal situation as relevant to the seriousness and recidivism factors. *Williams*, 337 U.S. at 250 (sentencing court can rely on hearsay otherwise criminal process would be endlessly delayed to present collateral information). After a plea is entered, the prosecutor provides a recap of the facts surrounding the offense for the court's consideration at sentencing. The prosecutor's statements are hearsay as are

the statements gathered within a presentence investigation report and a victim impact statement; however, they are permissible background information.

¶{19} Defense counsel often does the same, and did so here. Notably, the defense presented a letter from the decedent's girlfriend in support of his position. Thus, even if reliance on the decedent's sister's testimony could be considered improper, the defense may have considered it strategic to not insist on the presence of the injured victim as the state could then insist on the presence of the decedent's girlfriend. The introduction of hearsay for the court's consideration was a mutual strategy.

¶{20} Finally, it is notable that neither this hearsay nor the test results discussed below were mentioned in the court's sentencing entry. Nor was either item orally expressed as the sole reason for the court's sentencing decision. Most notably, appellant had a criminal history that was not insubstantial, making recidivism more likely. (See recidivism discussion infra). In addition, the offense was more serious than the typical reckless driving accident because appellant, who was driving under suspension, not only hit a vehicle, but he then left the scene, sped away down a one-way street, and hit a brick wall. For all of these reasons, appellant's initial argument is without merit.

<u>DISMISSED CHARGES AND EVIDENCE IN SUPPORT THEREOF</u>

¶{21} As aforementioned, appellant was originally charged with driving under the influence and counts one and two were originally based upon driving under the influence as opposed to just reckless operation. The driving under the influence charge was dismissed and counts one and two were amended so that they were lower degree felonies based upon recklessness instead of impaired driving. At sentencing, the prosecutor advised that appellant tested positive for marijuana, cocaine, methadone, and opiates. (Tr. 3). In orally announcing the sentence, the court stated, "I don't believe for a second that the substances the defendant was found to contain in his system had nothing to do with this." (Tr. 12). Appellant believes that this is an improper consideration due to hearsay, a lack of scientific evidence, and the fact that the DUI charge and the DUI elements were no longer part of the case.

¶{22} As aforementioned, the Rules of Evidence do not apply at sentencing. Evid.R. 101(C)(3). Any hearsay argument regarding the test results is disposed of by our analysis above. That is, there is no indication that the prosecutor's statement that drugs were found in appellant's system was an unreliable statement. See *Postway*, 12th Dist. No. CA2002-06-154 at ¶18 (prosecutor could tell sentencing court that defendant dragged the victim more than fifty feet across a parking lot).

¶{23} An oral factual recap by the prosecution is anticipated at the typical sentencing hearings. Appellant did not object to the presentation of this fact. He may not have wanted the court to know the exact concentration of marijuana, cocaine, methadone, and opiates in his system. Thus, appellant waived any challenge to the presentation and cannot now add matter to the record regarding reliability of the statement. See *Bene*, 12th Dist. No. CA2005-09-090 at ¶21 (defendant failed to object to prosecutor's description of his interview with child-victims to the sentencing court).

¶{24} Since the Rules of Evidence do not apply at sentencing, the requirements of Evid.R. 702 for the admissibility of scientific evidence were not applicable before the state could mention the test results. Prosecutors often tell sentencing courts about very high blood alcohol levels and defendants tell courts about very low blood alcohol levels in DUI cases without officially presenting laboratory reports into the record or bringing in BCI agents to testify at sentencing. This is permissible even if the results had been suppressed or otherwise would have been inadmissible at trial. See *State v. Ballard*, 7th Dist. No. 08CO13, 2009-Ohio-5472, ¶81.

¶{25} Besides the fact that no objection was entered to the state's disclosure of the test results, the defense acknowledged the presence of drugs in appellant's system. (Tr. 9). Appellant did not dispute that he consumed drugs near the time of the accident; he merely contested that the level of drugs in his system would cause him to be legally "under the influence." (Tr. 11).

¶{26} Finally, as the state points out, evidence of a charge dismissed pursuant to a plea agreement is a permissible sentencing consideration. *State v. Starkey*, 7th Dist. No. 06MA110, 2007-Ohio-6702, ¶2 (sentencing court can consider charges dismissed or reduced pursuant to plea agreement), citing *State v. Cooey* (1989), 46

Ohio St.3d 20, 35 (uncharged crimes are part of the defendant's social history and may be considered at sentencing). See, also, *Cook*, 83 Ohio St.3d at 424-425; *State v. Burton* (1977), 52 Ohio St.2d 21, 23 (arrests for other crimes may be considered). Consequently, this argument is without merit.

EFFECT OF *ICE* ON *FOSTER*

¶{27} Former R.C. 2929.14(E)(4) provided:

¶{28} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

¶{29} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

¶{30} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

¶{31} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

¶{32} This statutory section was excised, however, when the Ohio Supreme Court ruled that special fact-finding is no longer required for consecutive sentences. See *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, syllabus at ¶7, applying *Apprendi v. New Jersey* (2000), 530 U.S. 466, and *Blakely v. Washington* (2004), 542 U.S. 296 (cases dealing with increasing the maximum punishment). The *Foster* Court announced that sentencing courts have full discretion to fashion sentences and run them consecutively without regard to statutorily-listed findings of fact. Id. Thus, there

is no longer a presumption regarding consecutive or concurrent sentences. *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, ¶13.

**¶{33}** Appellant argues here that *Foster* has been abrogated by the United States Supreme Court decision in *Oregon v. Ice* (2009), __ U.S. __, 129 S.Ct. 711, 172 L.Ed.2d 517. In that case, the United States Supreme Court considered whether *Apprendi* and *Blakely* should be extended to consecutive sentencing statutes. The *Ice* Court noted conflicting decisions out of the state high courts. Id. at 716. Ice specifically cited Ohio's Foster case as one of the cases finding that *Apprendi* does apply to require excision of statutes requiring findings of fact for consecutive sentences. Id. at fn.7. The United States Supreme Court ruled, however, that *Apprendi* does not apply and that states can provide for judicial fact-finding before the imposition of consecutive sentencing. Id. at 718.

**¶{34}** Appellant concludes that R.C. 2929.14(E)(4) is revived by the pronouncement in *Ice* that *Foster* need not have extended *Apprendi* to the consecutive sentencing statute. This issue is currently pending before the Ohio Supreme Court in a case where oral arguments were presented in September of 2010. *State v. Hodge*, Sup. Ct. Case No. 2009-1997.

**¶{35}** This court has previously addressed this issue in *State v. Jordan*, 7th Dist. No. 09CO31, 2010-Ohio-3456, ¶15-25. We pointed out the various appellate districts that have decided to follow *Foster* until the Ohio Supreme Court instructs otherwise. See, e.g., *State v. Dunaway*, 12th Dist. Nos. CA2009-05-141, CA2009-06-164, 2010-Ohio-2304, at ¶89-90; *State v. Finn*, 6th Dist. Nos. L-09-1162, L-09-1163, 2010-Ohio-2004, at ¶10; *State v. Sabo*, 3d Dist. No. 14-09-33, 2010-Ohio-1261, at ¶34-42; *State v. Potter*, 10th Dist. No. 09AP-580, 2010-Ohio-372, at ¶7-8; *State v. Moncoveish*, 11th Dist. No.2008-P-0075, 2009-Ohio-6227, at ¶21; *State v. Robinson*, 8th Dist. No. 92050, 2009-Ohio-3379, at ¶27-29; *State v. Starett*, 4th Dist. No. 07CA30, 2009-Ohio-744, at ¶35. But, see, *State v. Vandriest*, 5th Dist. No. 09-COA-032, 2010-Ohio-997, ¶9.

**¶{36}** We held that the defendant's argument misconstrued the effect of *Ice* on *Foster*. *Jordan*, 7th Dist. No. 09CO31 at ¶16. We concluded that findings of fact are not required before imposing consecutive sentences regardless of *Ice*, implying that

once *Foster* was a final decision, the state of the law in Ohio reverted back to those common law principles where sentencing courts have discretion to choose consecutive or concurrent sentences. Id. at ¶25.

**¶{37}** We elucidate here that once a statute is excised by the Ohio Supreme Court and any direct appeal to the United States Supreme Court is complete, the statute is eliminated. Any revival of the statute based upon new United State Supreme Court law in another case (illuminating that the statute need not have been excised under its prior precedent) must be performed pursuant to legislative enactment. This court cannot revive R.C. 2929.14(E)(4). As such, this argument is overruled.

PURPOSES AND PRINCIPLES OF SENTENCING

**¶{38}** Due to the Ohio Supreme Court's split decision in *Kalish*, we review sentences using both the clearly and convincingly contrary to law standard of review and the abuse of discretion standard of review. *State v. Gratz*, 7th Dist. No. 08MA101, 2009-Ohio-695, ¶8; *State v. Gray*, 7th Dist. No. 07MA156, 2008-Ohio-6591, ¶17, applying *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. We first determine whether the sentencing court complied with any applicable rules and statutes cited to us by appellant to determine whether the sentence is clearly and convincingly contrary to law. *Gratz*, 7th Dist. No. 08MA101 at ¶8. If the sentence is not clearly and convincingly contrary to law, we determine whether the sentencing court abused its discretion in applying the factors set forth in R.C. 2929.11 and R.C. 2929.12. Id.

**¶{39}** Here, the court stated at sentencing and in its sentencing entry that it considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. The court also reviewed its reasoning regarding these factors at the sentencing hearing. Appellant contests that the application of these factors would warrant consecutive sentences in this case.

**¶{40}** The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for: incapacitating the offender; deterring the offender and others from future crime; rehabilitating the offender; and making restitution. Id. A sentence shall be commensurate with and not demeaning to the seriousness of the offender's conduct

and its impact upon the victim. R.C. 2929.11(B). The sentencing court has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 and shall consider whether any seriousness and recidivism factors are relevant. R.C. 2929.12(A).

¶{41} In the case at bar, both offenses were felonies of the third degree. The range of available sentences for a third-degree felony is one to five years. R.C. 2929.14(A)(3). The court imposed three years for aggravated vehicular homicide and two years for aggravated vehicular assault to run consecutively. Appellant was not given maximum or even high-end sentences. As set forth below, the seriousness of the offenses was great and recidivism was likely.

¶{42} As for the seriousness factors, appellant crashed into a car with various drugs in his system. He knowingly and illegally sped away. He at least recklessly went the wrong way down a street and then crashed into a building. One victim died, and one suffered serious physical harm. See R.C. 2929.12(B)(2). The victims did not facilitate the offense, and although the victims, who were appellant's friends, pleaded with him to slow down, appellant did not do so. See R.C. 2929.12(C)(1). The offender did not act under strong provocation. See R.C. 2929.12(C)(2). The offender caused physical harm to both person and property. See R.C. 2929.12(C)(3). Considering his speed and his act of leaving the scene of the first accident he caused, it cannot be said that the offender did not expect to cause both personal and property damage. See R.C. 2929.12(C)(4).

¶{43} As for the recidivism factors, appellant has a criminal history. See R.C. 2929.12(E)(2). He received probation for a 1990 petty theft conviction. He was convicted for an open container violation in 1998. He had also been arrested for DUI and public intoxication in 1996. He was convicted for in 2002 for robbery and failure to comply with an order of a police officer for which he received five years of probation and a six-month driver's license suspension. However, he violated his probation in 2005 and was sentenced to one year in prison. He received ninety days in jail plus probation for a 2005 attempted drug abuse charge. He also received thirty days in jail plus probation for a 2005 drug paraphernalia charge. He violated probation in 2008., resulting in extended probation. The court rationally found that he could not be trusted

on probation.  (Tr. 15).  Moreover, the court could rationally conclude that circumstances of the offense could reoccur.  See R.C. 2929.12(E)(4).

¶{44} In conclusion, the sentences are not clearly and convincingly contrary to law.  Considering the seriousness and recidivism factors applicable to this case, consecutive mid-range sentences were not unreasonable, arbitrary, or unconscionable.  The court could rationally use its discretion to impose consecutive sentences within the appropriate range.

¶{45} For the foregoing reasons, the judgment of the trial court is hereby affirmed.


Waite, J., concurs.
DeGenaro, J., concurs.