[Cite as *State v. Wilt*, 2021-Ohio-3590.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CODY S. WILT,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 20 CO 0032; 20 CO 0033**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case Nos. 2020 CR 78; 19 CR 581

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito Abruzzino*, Columbiana County Prosecutor and *Atty. Steven V. Yacovone*, Assistant Prosecuting Attorney, Columbiana County Prosecutors Office, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee

*Atty. Wesley A. Johnston*, P.O. Box 6041, Youngstown, Ohio 44501-6041, for Defendant-Appellant.

Dated: September 30, 2021

---

**WAITE, J.**

{¶1} Appellant Cody S. Wilt appeals two Columbiana County Court of Common Pleas Court judgment entries, one dated November 23, 2020 and one dated November 24, 2020. Appellant argues that he received ineffective assistance of counsel as his trial counsel failed to inform him of the sentence he would likely receive before he pleaded guilty. Appellant also argues that the trial court erroneously permitted the victim to "testify" beyond the bounds of Marsy's Law at the sentencing hearing. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} This appeal concerns two separate criminal matters which were assigned separate case numbers at the trial court level. The cases were assigned to different judges and were resolved through separate judgment entries. On appeal, these cases were jointly heard due to their similarities. However, for ease of understanding, the facts of these cases will be separately addressed.

*19 CR 581*

{¶3} On January 9, 2020, Appellant was indicted on one count of aggravated burglary, a felony of the first degree in violation of R.C. 2911.11(A)(1); one count of domestic violence with a prior conviction, a felony of the fourth degree in violation of R.C. 2919.25(A); and one count of aggravated possession of drugs, a felony of the fifth degree in violation of R.C. 2925.11(A).

{¶4}   On October 5, 2020, Appellant pleaded guilty to an amended count of burglary (a felony of the second degree), domestic violence, and aggravated possession of drugs.

{¶5}   On November 23, 2020, Appellant was sentenced to an indefinite term of three to four and one-half years of incarceration on the burglary count, eight months for domestic violence, and six months for aggravated possession.   The sentences were ordered to run concurrently.  The court credited Appellant with 28 days served.

*20 CR 78*

{¶6}   On February 13, 2020, Appellant was indicted on one count of aggravated possession of drugs, a felony of the fifth degree in violation of R.C. 2925.11(A).   On September 18, 2020, Appellant pleaded guilty to the sole offense in the indictment.  On November 24, 2020, a different trial court judge sentenced Appellant to six months of incarceration to run consecutive to the sentence Appellant received in 19 CR 581.    It is from these two entries that Appellant timely appeals.

## ASSIGNMENT OF ERROR NO. 1

WILT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY OHIO CONSTITUTION AND U.S. CONSTITUTION.

{¶7}   Appellant argues his trial counsel failed to advise him that a prison term would likely be imposed.  It is unclear whether Appellant is arguing that his counsel informed him that a community control sanction would likely be imposed or that his counsel did not address the possible outcome at all.

**{¶8}** In response, the state argues that the record is devoid of any evidence to suggest that Appellant was led to believe he would receive a community control sanction. Instead, the record shows that Appellant was informed throughout the process that a prison term was likely.

**{¶9}** The test for ineffective assistance of counsel is two-part: whether trial counsel's performance was deficient and, if so, whether the deficiency resulted in prejudice. *State v. White*, 7th Dist. Jefferson No. 13 JE 33, 2014-Ohio-4153, ¶ 18, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, 794 N.E.2d 27, ¶ 107. In order to prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Lyons*, 7th Dist. Belmont No. 14 BE 28, 2015-Ohio-3325, ¶ 11, citing *Strickland* at 694. The appellant must affirmatively prove the alleged prejudice occurred. *Strickland* at 693.

**{¶10}** Because an appellant must satisfy both *Strickland* prongs, if one prong is not met, an appellate court need not address the remaining prong. *Id.* at 697. The appellant bears the burden of proof on the issue of counsel's effectiveness, and in Ohio, a licensed attorney is presumed competent. *State v. Carter*, 7th Dist. Columbiana No. 2000-CO-32, 2001 WL 741571 (June 29, 2001), citing *State v. Calhoun,* 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

**{¶11}** Beginning with whether counsel adequately informed Appellant of the possible sentence he faced, the record is replete with references to a prison term. At

both plea hearings, the respective trial court judges informed Appellant of the possible sentences he could receive. At the plea hearing in case number 19 CR 581, the state announced its intent to seek three years of incarceration for the burglary charge, eight months for domestic violence, and six months for possession. In case number 20 CR 78, the state requested six months of incarceration for the sole charge of possession. In addition, the state informed Appellant at both plea hearings that it would oppose a request for a community control sanction. Appellant did not indicate at either plea hearing or either sentencing hearing that his counsel had not discussed the possible sentence he faced. He also declared that he was satisfied with trial counsel's representation. As such, the record clearly demonstrates that Appellant knew a prison sentence was possible, if not probable.

{¶12} Even so, Appellant has not argued that but for his counsel's alleged failure to advise him as to his likely punishment, he would not have pleaded guilty. Appellant faced a total of four felonies in these cases. Trial counsel was able to decrease the highest degree felony, aggravated burglary, a felony of the first degree, to a felony of the second degree. Additionally, the trial court did not sentence Appellant to the maximum penalty on any offense.

{¶13} In case number 19 CR 581, after counsel was able to reduce the degree of felony, Appellant faced an indeterminate sentence with a minimum of two years and a maximum of twelve years of incarceration. The trial court sentenced Appellant to an indefinite term of three to four and one-half years, well below the maximum possible sentence. For domestic violence, he faced a minimum of six months and a maximum of eighteen months. He received a sentence of only eight months. For possession, he

Case No. 20 CO 0032; 20 CO 0033

faced a minimum of six months and a maximum of twelve months. He received a sentence of only six months, the minimum sentence. Additionally, the prison terms were ordered to run concurrently, not consecutively.

{¶14} In case number 20 CR 78, Appellant faced a minimum of six months and a maximum of twelve months of incarceration. While his sentence was ordered to run consecutive to case number 19 CR 581, he received only the minimum six-month sentence.

{¶15} Thus, Appellant received an aggregate sentence of three and a half years to five years where he faced a maximum possible prison term of fifteen and one-half years. Thus, trial counsel was able to obtain a favorable sentence based on the maximum sentences available to the trial court and, based on this record, Appellant cannot demonstrate prejudice.

{¶16} As such, Appellant's first assignment of error is without merit and is overruled.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED WHEN IT ALLOW THE VICTIM TO TESTIFY DURING SENTENCING IN VIOLATION OF SIXTH AMENDMENT OF THE UNITED STATE [SIC] CONSTITUTION.

{¶17} Appellant argues that the trial court permitted the victim to "testify" beyond the bounds of what is permitted by Marsy's Law. Appellant argues that this "testimony" violated the Confrontation Clause because he could not contest any aspect of the victim's words.

Case No. 20 CO 0032; 20 CO 0033

**{¶18}** The state responds that the victim impact statement was appropriate and is permissible under Marsy's Law.

**{¶19}** As noted by the state, there is no victim in case number 20 CR 78. Thus, the statement is only relevant to case number 19 CR 581. Marsy's Law is detailed within the Ohio Constitution, Article I, Section 10a. Relevant to the instant case:

(A) To secure for victims justice and due process throughout the criminal and juvenile justice systems, a victim shall have the following rights, which shall be protected in a manner no less vigorous than the rights afforded to the accused:

(1) to be treated with fairness and respect for the victim's safety, dignity and privacy;

(2) upon request, to reasonable and timely notice of all public proceedings involving the criminal offense or delinquent act against the victim, and to be present at all such proceedings;

(3) to be heard in any public proceeding involving release, plea, sentencing, disposition, or parole, or in any public proceeding in which a right of the victim is implicated.

**{¶20}** Marsy's Law specifically permits a victim to be present and speak at any hearing, including the sentencing hearing. The statement at issue is limited to a few sentences that consists of only one half page in the hearing's transcripts. The victim described the effect the crime had on her, the fact that it occurred in front of their children,

Case No. 20 CO 0032; 20 CO 0033

and stated her desire for Appellant to be a better father. The victim did not go into any details of the case, although she would have been permitted to do so.

**{¶21}** Contrary to Appellant's argument, he was able to give his side of the story during allocution, which occurred after the victim's statement. (Sentencing Hrg., p. 6.) In addition, at one point during the sentencing hearing, the court noticed that Appellant shook his head during the reading of the facts and asked him if he disputed any portion of those facts. Appellant conceded that he kicked in a door and took issue only with the allegation that he "charged" at anyone.

**{¶22}** Even so, the Confrontation Clause does not apply to a sentencing hearing. *State v. Johnson*, 7th Dist. Mahoning No. 10 MA 32, 2010-Ohio-6387 ("It is well-settled that the Confrontation Clause does not apply to sentencing proceedings.")

**{¶23}** As such, Appellant's second assignment of error is without merit and is overruled.

### Conclusion

**{¶24}** Appellant argues that he received ineffective assistance of counsel as his trial counsel failed to inform him of the sentence he would likely receive before he pleaded guilty. Appellant also argues that the trial court erroneously permitted the victim to "testify" beyond the bounds of Marsy's Law at the sentencing hearing. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

D'Apolito, J., concurs.

Case No. 20 CO 0032; 20 CO 0033

———————————

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**