OPINION
{¶ 1} Defendant-appellant, Margaret Gratz, appeals her forty-two month prison sentence in the Mahoning County Common Pleas Court for receiving stolen property, forgery, and passing bad checks.
 {¶ 2} This case involves two separate criminal cases. On February 15, 2007, a Mahoning County grand jury indicted Gratz for receiving stolen property, a fourth-degree felony, in violation of R.C. 2913.51(A)(C). On November 15, 2007, a Mahoning County grand jury indicted Gratz on three counts: telecommunications fraud, a fifth-degree felony, in violation of R.C. 2913.05(A)(B); forgery, a fifth-degree felony, in violation of R.C. 2913.31 (A)(3)(C)(1)(a)(b); and passing bad checks, a fifth-degree felony, in violation of R.C. 2913.11(B)(F).
 {¶ 3} On February 28, 2008, Gratz and plaintiff-appellee, State of Ohio, entered into a felony plea agreement. The state dismissed the telecommunications fraud count and agreed to adopt a favorable PSI report if it came back so, but if not, then to stand silent at sentencing. Gratz pleaded guilty to the remaining counts-receiving stolen property, forgery, and passing bad checks.
 {¶ 4} On April 30, 2008, the trial court conducted a sentencing hearing. The state made no recommendation, but noted that the PSI recommended incarceration. (Tr. 2.) One of Gratz's victims, Deborah Beyer, spoke about her experience with Gratz. (Tr. 3-5.) After Beyer took Gratz into her home, money was missing from her account and items were missing from her house. On Gratz's behalf, her counsel explained Gratz's mental health and substance abuse problems and the efforts Gratz made while in jail to address those issues. (Tr. 6-9.) Gratz herself pleaded for community control sanctions, expressed remorse for her crimes, and related her need for help with her mental heath and substance abuse issues. (Tr. 9-10.) Seemingly unpersuaded, the trial court noted Gratz's extensive criminal history and that the victims suffered economic and mental harm. (Tr. 10-13.) The court also noted that Gratz was on community control when she committed the subject crimes. (Tr. 13.) The court then sentenced Gratz to eighteen months in prison for receiving stolen property and twelve months in prison each for forgery and passing bad checks *Page 2 
with all sentences to be served consecutively for an aggregate sentence of forty-two months in prison. (Tr. 18-19.) This appeal followed.
 {¶ 5} Gratz's sole assignment of error states:
 {¶ 6} "A Trial Court commits reversible error when it sentences a Defendant in a manner that is contrary to law by imposing maximum or consecutive sentences without properly considering factors required in R.C. 2929.12 on the record, rendering a sentence contrary to law."
 {¶ 7} Gratz advances two principal arguments. First, she argues that the trial court erred by not specifically stating at the sentencing hearing that it considered R.C. 2929.12 (factors to consider in felony sentencing). Second, she argues that the trial court misapplied the R.C. 2929.12(B)(2) factor; i.e., that the victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 8} Our review of felony sentences is now a very limited, two-fold approach, as outlined by the recent plurality opinion in State v.Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 26. The first step requires appellate courts to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. (O'Connor, J., plurality opinion). In examining "all applicable rules and statutes," the sentencing court must consider R.C. 2929.11 and R.C. 2929.12. Id. at ¶ 13-14 (O'Connor, J., plurality opinion). If the sentence is clearly and convincingly not contrary to law, the sentencing court's exercise of discretion "in selecting a sentence within the permissible statutory range is subject to review for any abuse of discretion." Id. at ¶ 17 (O'Connor, J., plurality opinion). Thus, an abuse of discretion is used to determine whether the sentence satisfies R.C. 2929.11 and R.C. 2929.12. Id. at ¶ 17 (O'Connor, J., plurality opinion).
 {¶ 9} Concerning Gratz's first argument that the trial court erred by not specifically stating at the sentencing hearing that it considered R.C. 2929.12, the record does not entirely support her argument. Although it did not specifically reference "R.C. 2929.12," the court clearly indicated which seriousness and *Page 3 
recidivism factors it believed applied to Gratz's case. In other words, the court addressed on the record the substantive content of R.C. 2929.12 itself. (Tr. 12-13.) Moreover, in the judgment entries of sentence, the court stated that it considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. Also, the Ohio Supreme Court just recently held that "where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes."Kalish at ¶ 18, fn. 4, citing State v. Adams (1988), 37 Ohio St.3d 295,525 N.E.2d 1361, paragraph three of the syllabus.
 {¶ 10} In support of her argument that the trial court misapplied R.C. 2929.12(B)'s harm factor, Gratz relies solely on the Third District Court of Appeals decision in State v. McLemore (2000),136 Ohio App.3d 550, 737 N.E.2d 125. In sentencing McLemore following a guilty plea to engaging in a pattern of corrupt activities, the trial court stated:
 {¶ 11} "The Court finds that under the recidivism likely factors that a failure to acknowledge a pattern of drug or alcohol abuse that's related to the offense [sic]. Now we do have the drug reports, the drug tests in the record but the presentence report reflects that you wereusing cocaine during the period of time that the offense occurred. Ithink by your own admission you were using it once a month. That is arecidivism likely factor." (Emphasis sic.) McLemore,136 Ohio App.3d at 552, 737 N.E.2d 125.
 {¶ 12} R.C. 2929.12(D) lists the factors indicating that an offender is likely to recidivate. One in particular deals with drug and alcohol abuse:
 {¶ 13} "The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse." (Emphasis added.) R.C. 2929.12(D)(4).
 {¶ 14} McLemore argued that the sentencing considered only the first component of R.C. 2929.12(D)(4) and that its failure to consider the second *Page 4 
component render his sentence contrary to law. The Third District found no evidence that McLemore refused treatment or refused to acknowledge the pattern of drug abuse. Rather, the record established that McLemore acknowledged his drug use, took steps to correct his behavior and address the problem, and passed a series of voluntary urinalysis tests. Therefore, the Third District found that the sentencing court's misapplication of the R.C. 2929.12(D)(4) factor might have impacted its decision and returned the case for resentencing.
 {¶ 15} Here, Gratz argues that the trial court misapplied R.C. 2929.12(B)'s seriousness factor concerning harm:
 {¶ 16} "The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C. 2929.12(B)(2).
 {¶ 17} When considering the seriousness factors at sentencing, the trial court noted:
 {¶ 18} "I believe the victims definitely suffered economic harm. I'm sure there's some type of mental harm when you take someone in and they turn on you." (Tr. 12.)
 {¶ 19} Relying on McLemore, Gratz argues that the trial court misapplied the harm factor because it did not find that the victims had suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 20} McLemore can be distinguished from the present case and Gratz's reliance on it is misplaced. First, McLemore was decided before the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470. Now, a sentencing court has "full discretion" to sentence an offender within the statutory range and is no longer required to make findings or give its reasons for imposing non-minimum, maximum, or consecutive sentences. Id. at paragraph seven of the syllabus.
 {¶ 21} Second, the recidivism factor involved in McLemore clearly had two components to it, one of which the sentencing court overlooked. Here, the harm factor is singular in nature and the "serious" adjective only serves to characterize the extent of harm. *Page 5 
 {¶ 22} Third, and most importantly, because the sentencing court inMcLemore found that the recidivism factors balanced each other out (i.e., more likely factors equaled less likely factors), it was apparent that its misapplication of one of those factors could have ultimately affected its sentencing decision. Here, as it related to the seriousness factors, the court also noted that Gratz's relationship with the victims facilitated the offense. R.C. 2929.12(B)(6). Additionally, the court noted Gratz's extensive criminal history and the fact that she was on community control sanctions when she committed the present offenses. R.C. 2929.12(D)(1) (2). Thus, even assuming the court misapplied the one seriousness factor, it cannot be said that that one factor affected the trial court's sentencing decision. There only existed factors indicating that Gratz's conduct was more serious than conduct normally constituting the offense and that she was likely to commit future crimes. There was no evidence indicating that Gratz's conduct was less serious than conduct normally constituting the offense or that she was not likely to commit future crimes.
 {¶ 23} In sum, Gratz has failed to establish that her sentence was clearly and convincingly contrary to law or an abuse of discretion. Accordingly, Gratz's sole assignment of error is without merit.
 {¶ 24} The judgment of the trial court is hereby affirmed.
Vukovich, P.J., concurs.
 Waite, J., concurs. *Page 1