[Cite as *State v. Mack*, 2011-Ohio-6409.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    11 MA 41 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| KIMBERLY MACK, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:    Criminal Appeal from Common Pleas
Court, Case No. 10CR829.


JUDGMENT:    Affirmed.


APPEARANCES:
For Plaintiff-Appellee:    Attorney Paul Gains
Prosecuting Attorney
Attorney Ralph Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:    Attorney Megan Graff
100 Federal Plaza East, Suite 926
Youngstown, Ohio  44503

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


Dated:  December 7, 2011

VUKOVICH, J.

{¶ 1} Defendant-appellant Kimberly Mack appeals from her conviction and sentence entered in the Mahoning County Common Pleas Court for two counts of aggravated vehicular homicide. Appointed appellate counsel filed a no merit brief and requested leave to withdraw. A review of the case file and brief reveals that there are no appealable issues. Thus, the conviction and sentence are hereby affirmed and counsel's motion to withdraw is granted.

STATEMENT OF CASE

{¶ 2} On August 26, 2010, Mack was indicted on two counts of vehicular homicide in violation of R.C. 2903.06(A)(1)(a)(B)(2) and R.C. 2903.06(A)(2)(B)(3), both second-degree felonies for the death of James Jackson. Mack entered a plea of not guilty to the offenses, filed discovery requests and filed a motion to suppress. Following a hearing, the suppression motion was denied. Mack then changed her plea to guilty, which the trial court accepted. Thereafter, sentencing was held. The trial court merged the convictions for purposes of sentencing, sentenced Mack to six years and suspended her license for a lifetime. Mack now appeals and counsel has filed a no merit brief asking to withdraw because there are allegedly no appealable issues.

ANALYSIS

{¶ 3} When appellate counsel seeks to withdraw and discloses that there are no meritorious arguments for appeal, the filing is known as a no merit or an *Anders* brief. *Anders v. California* (1967), 386 U.S. 738. In this district, it has also been called a *Toney* brief. *State v. Toney* (1970), 23 Ohio App.2d 203.

{¶ 4} In *Toney,* this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

{¶ 5} "3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

{¶ 6} "4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

{¶ 7} "5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

{¶ 8} "* * *

{¶ 9} "7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed." Id. at syllabus.

{¶ 10} The no merit brief was filed by counsel on June 17, 2011. On June 24, 2011, this court informed Mack of counsel's no merit brief and granted her 30 days to file her own written brief. 06/24/11 J.E. Mack has not filed a *pro se* brief. Thus, the analysis will proceed with an independent examination of the record to determine if the appeal is frivolous.

{¶ 11} The no merit brief reviews the suppression ruling, the guilty plea, counsel's performance, and the sentence issued by the court. In reviewing each of these areas, counsel concludes that the appeal is frivolous.

{¶ 12} This court's independent review of the file reveals that these are the only possible arguments that could be made in this appeal. As such, each will be reviewed in turn.

## Suppression Ruling

{¶ 13} Since a guilty plea waives any alleged error that occurred in the suppression ruling, Mack waived the right to appeal the suppression ruling. *State v. McQueeney,* 148 Ohio App.3d 606, 2002-Ohio-3731, ¶13. Thus, there is no appealable issue regarding the suppression ruling.

## Plea

{¶ 14} Crim.R. 11(C) provides that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently and voluntarily. These advisements are typically divided into

constitutional rights and nonconstitutional rights. The constitutional rights are: 1) a jury trial; 2) confrontation of witnesses against him; 3) the compulsory process for obtaining witnesses in his favor; 4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial, and 5) that the defendant cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c); *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, ¶19-21. The trial court must strictly comply with these requirements; if it fails to strictly comply, the defendant's plea is invalid. *Veney,* supra, at ¶31; *State v. Ballard* (1981), 66 Ohio St.2d 473, 477.

{¶ 15} The nonconstitutional rights that the defendant must be informed of are: 1) the nature of the charges; 2) the maximum penalty involved, which includes, if applicable, an advisement on postrelease control; 3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions, and 4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney,* supra, at ¶10-13; *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, ¶19-26, (indicating that postrelease control is a nonconstitutional advisement). For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero* (1990), 56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney,* supra, at ¶15, quoting *Nero,* supra, at 108. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney,* supra, citing *Nero,* supra.

{¶ 16} The trial court's advisement on the constitutional rights strictly complied with Crim.R. 11(C)(2)(c). Mack was informed that by pleading guilty she was waiving her right to a jury trial, to confront witnesses against her, to subpoena witnesses in her favor and to have the state prove at trial each and every element of the offense of vehicular homicide by proof beyond a reasonable doubt. 12/27/10 Plea Tr. 4-6. Lastly, as to the constitutional rights, she was informed that if she went to trial she could not be compelled to testify against herself and that by pleading guilty she was giving up

that right. 12/27/10 Plea Tr. 5. Mack indicated after the explanation of every right that she understood the right. 12/27/10 Plea Tr. 4-6.

{¶ 17} As to the Crim.R. 11(C) advisement on the nonconstitutional rights, Mack was advised of the charges against her, vehicular homicide. 12/127/10 Plea Tr. 2-4. She was also correctly advised of the maximum penalty involved, eight years in prison, three years of postrelease control following the jail term, maximum lifetime driver's license suspension and a maximum fine of $15,000. 12/27/10 Plea Tr. 6-9. See, also, R.C. 2929.14(A)(2) (stating the maximum term for a second-degree felony is eight years); R.C. 2929.18(A)(3)(b) (stating the maximum fine for a second-degree felony is $15,000); R.C. 2967.28(B)(2) (indicating that a second-degree felony is subject to a three year term of postrelease control). The trial court also informed her that even though it was going to order a PSI and set sentencing for a later date, it could, by law, proceed directly to sentencing. 12/27/10 Plea Tr. 6, 11-12. These advisements more than substantially complied with Crim.R. 11(C).

{¶ 18} As to the last Crim.R. 11(C) nonconstitutional advisement, the trial court informed Mack that a prison term is mandatory. 12/27/10 Plea Tr. 7. This advisement is not a clear indication that she is not eligible for community control or probation. *State v. McQueen*, 7th Dist. No. 08MA24, 2008-Ohio-6589, ¶49. However, by stating that prison is mandatory it is implicit that she is not eligible for community control or probation. Thus, we cannot find that the advisement did not substantially comply with Crim.R. 11(C)(2)(a). Id.

{¶ 19} Therefore, considering all the above, we find that the plea colloquy complied with Crim.R. 11(C) and, as such, the plea was intelligently, voluntarily, and knowingly entered. There are no appealable issues concerning the plea.

Counsel's Performance

{¶ 20} A guilty plea waives ineffective assistance of counsel claims for defects that occur prior to the guilty plea. *State v. Maguire,* 7th Dist. No. 08MA188, 2009-Ohio-4393, ¶18. However, it does not waive any defects that occur after the guilty plea. Therefore, only counsel's performance following the guilty plea is reviewed.

{¶ 21} To prove an allegation of ineffective assistance of counsel, the two-prong *Strickland* test must be met. *Strickland v. Washington* (1984), 466 U.S. 668. First,

one must establish that counsel's performance fell below an objective standard of reasonable representation. Id. at 687; *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Second, one must show that he/she was prejudiced by counsel's deficient performance. *Strickland,* supra, at 687. Or in other words, it must be shown that but for counsel's errors the result of the trial would have been different. *Bradley,* supra, at paragraph three of the syllabus.

{¶ 22} A review of the record reveals that following her plea there are no plausible arguments that counsel provided ineffective representation. Furthermore, as is discussed below, the sentence was within the permissible range and Mack did not receive the maximum penalty allowable by law. Thus, we cannot find that either counsel's performance was deficient or prejudiced Mack. There are no appealable issues regarding counsel's performance.

Sentencing

{¶ 23} We review felony sentences using both the clearly and convincingly contrary to law and abuse of discretion standards of review. *State v. Gratz,* 7th Dist. No. 08MA101, 2009-Ohio-695, ¶8; *State v. Gray,* 7th Dist. No. 07MA156, 2008-Ohio-6591, ¶17. We first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. *Gratz,* supra, at ¶8, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶13-14. Then, if it is not clearly and convincingly contrary to law, we must determine whether the sentencing court abused its discretion in applying the factors in R.C. 2929.11, R.C. 2929.12 and any other applicable statute. *Gratz,* supra, ¶8, citing *Kalish,* supra, at ¶17.

{¶ 24} Here, Mack pled guilty to two counts of second-degree felony vehicular homicide. For purposes of sentencing, the trial court recognized that the two counts merged. 02/24/11 Sentencing Tr. 17. The trial court sentenced Mack to a six year term of incarceration. 02/24/11 Sentencing Tr. 17; 03/02/11 J.E. This sentence is within the sentencing range of one, two, three, four, five, six, seven or eights years for a second-degree felony permitted by R.C. 2929.14(A)(2).

{¶ 25} Furthermore, at the sentencing hearing and in the judgment entry, the trial court indicated that it considered both R.C. 2929.11 and R.C. 2929.12 when rendering the sentence. In the Judgment Entry it stated:

{¶ 26} "The Court considered the record, presentence investigation report, oral statements, as well as the principles and purpose of sentencing under ORC §2929.11 and balances the seriousness and recidivism factors under ORC §2929.12."

{¶ 27} At the sentencing hearing, the trial court made the following statement:

{¶ 28} "All right. Miss Mack, as I indicated to you, we ordered a background done on you, okay, and I have the background here, and your lawyer has reviewed it as had the prosecutor, and going back as far as 1991, you had a felony on your record for forgery and for theft, and after that, subsequent to that you were found guilty of a probation violation on that case, you had disorderly conduct, drug abuse, marijuana, falsification, unauthorized use of a motor vehicle, theft, and then this case, and at the time of this incident, the Youngstown Police Department took you down and they gave you the test, and you took the test for alcohol and you blew a .202. That's almost three times the limit, and yet you got behind the wheel of a car. And you didn't knock him [the victim, James Jackson] down. You went over him.

{¶ 29} "Taking everything into consideration – and I am in receipt of the – Minister Marcia Walker's letter. It arrived today prior to sentencing, and I've reviewed that also along with the correspondence that you have sent in. But taking it all into consideration, it is going to be the order of the court – and recognizing that the sentencing on the two counts merge for purposes of sentencing, so it will be the order of the court the defendant will be sentenced a six-year stay in Lorain – or Marysville Correction Facility for Women." 02/24/11 Sentencing Tr. 16-17.

{¶ 30} This statement demonstrates the trial court's consideration of the purposes and principles of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12. It shows the court considered her remorseful attitude, her previous record, the circumstances of the crime and the impact alcohol played in the crime. The trial court's reasoning for imposing the sentence that it did does not reveal an abuse of discretion.

{¶ 31} Accordingly, the sentence is neither contrary to law nor did the trial court abuse its discretion in imposing the sentence that it did. There are no appealable sentencing issues.

## CONCLUSION

{¶ 32} For the foregoing reasons, the judgment of the trial court is hereby affirmed and counsel's motion to withdraw is granted.

Donofrio, J.,
Waite, P.J.,