[Cite as *State v. Wood*, 2011-Ohio-6405.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                                  )
                                                )        CASE NO.    11 CO 9
     PLAINTIFF-APPELLEE,                       )
                                                )
     - VS -                                    )        O P I N I O N
                                                )
BRIAN WOOD, JR.,                                )
                                                )
     DEFENDANT-APPELLANT.                      )


CHARACTER OF PROCEEDINGS:         Criminal Appeal from Common Pleas
                                  Court, Case No. 10CR44.


JUDGMENT:                         Affirmed.


APPEARANCES:
For Plaintiff-Appellee:           Attorney Robert Herron
                                  Prosecuting Attorney
                                  105 South Market Street
                                  Lisbon, Ohio  44432

For Defendant-Appellant:          Attorney Bryan Felmet
                                  1100 Jackson Place
                                  Steubenville, Ohio  43952


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                  Dated:  December 7, 2011

VUKOVICH, J.

{¶ 1} Defendant-appellant Brian Wood, Jr. appeals from his conviction and sentence entered in the Columbiana County Common Pleas Court for one count of aggravated burglary, with a firearm specification, two counts of kidnapping, both with firearm specifications, and one count of complicity to commit burglary. Appointed appellate counsel filed a no merit brief and requested leave to withdraw. A review of the case file reveals that there are no appealable issues. Thus, the judgment of the trial court is hereby affirmed and counsel's motion to withdraw is granted.

STATEMENT OF CASE

{¶ 2} In the early morning hours of September 21, 2009 three men entered Mr. Haupt and his stepson's, Mr. Jackson, home. The victims were bound and gagged and approximately $30,000 was stolen from the residence. The house is located in Columbiana County next to Mr. Haupt's business, Summitville Recycling.

{¶ 3} In December 2009, while Wood was in the custody of Columbiana County, Detective Sergeant Steve Walker interviewed Wood about the Brown case, which is unrelated to this case. During the interview, the detective asked about the Summitville Recycling burglary. At that point, Wood told the detective that he wanted to talk about that case, but not at that time.

{¶ 4} Approximately a week later, Detective Walker obtained permission from the attorney representing Wood in the Brown case to talk to Wood about any case not related to the Brown case. 12/08/10 Tr. 11. Detective Walker then spoke to Wood. Before discussing the Summitville Recycling burglary, Wood was read his *Miranda* rights and waived those rights. During the conversation, Wood explained the details of the crime and his involvement.

{¶ 5} Thereafter, for the events that transpired on September 21, 2009, Wood was indicted for Aggravated Burglary, a first-degree felony in violation of R.C. 2911.11(A)(2) and two counts of Kidnapping, both first-degree felonies in violation of R.C. 2905.01(A)(2). All three counts contained firearm specifications in violation of R.C. 2941.145(A). The indictment also contained a fourth count for the burglary of

Josh Hackney and Jody Joy's residence that occurred on October 29, 2009. This count charged him with Complicity to Commit Burglary, a third-degree felony in violation of R.C. 2911.12(A)(3) and R.C. 2923.03(A)(2). 02/25/10 Indictment.

{¶ 6} Wood pled not guilty to the charges, a competency evaluation was ordered and after the evaluation he was found to be incompetent. He was then ordered to treatment. Approximately a month later he was restored to competency. 07/26/10 Order. In August, Wood moved to suppress the statements he made to Detective Walker. The motion to suppress was heard in December, 2010 and was denied. Trial was set for February 22, 2011.

{¶ 7} On February 16, 2011, Wood moved for a continuance and for a change of venue. Then, at the February 17, 2011 pretrial, he orally moved for appointment of an investigator. The continuance and appointment of an investigator motions were denied. The change of venue request was held in abeyance until voir dire.

{¶ 8} On the day of trial, without a plea bargain in place, Wood pled no contest to all charges in the indictment. He requested that the trial court proceed directly to sentencing, which it did. He received an aggregate sentence of twenty-six years. He received ten years each on the first three counts, three years on the fourth count and three years on the firearm specifications. The court ordered counts two and three to be served concurrently to each other, but consecutively to counts one and four and consecutive to the firearm specifications. The court also ordered that the aggregate sentence was to be served concurrently to the term of incarceration for Jefferson County case number 2010CR2.

{¶ 9} Wood now appeals and counsel has filed a no merit brief asking to withdraw because there are allegedly no appealable issues.

ANALYSIS

{¶ 10} When appellate counsel seeks to withdraw and discloses that there are no meritorious arguments for appeal, the filing is known as a no merit or *Anders* brief. *Anders v. California* (1967), 386 U.S. 738. In this district, it has also been called a *Toney* brief. *State v. Toney* (1970), 23 Ohio App.2d 203.

{¶ 11} In *Toney,* this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

{¶ 12} "3.  Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

{¶ 13} "4.  Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

{¶ 14} "5.  It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

{¶ 15} "* * *

{¶ 16} "7.  Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed."  Id. at syllabus.

{¶ 17} The no merit brief was filed by counsel on June 6, 2011.  Thereafter, we informed Wood of appointed counsel's no merit brief and granted him 30 days to file his own written brief.  On June 27, 2011, Wood filed a document with this court in which he asserts "claims of error" in the trial court proceedings.  Despite the state's opposition to this court considering the *pro se* document because it does not comply with the Appellate Rules for a brief, we indicated that we would construe it as a brief. Consequently, in our independent review of the record, we will consider the arguments presented by Wood in his *pro se* filing.

{¶ 18} In reviewing the *pro se* filing, there are two arguments that Wood is asserting.  First, he argues that the ruling on the suppression motion is incorrect. Second, he argues that counsel (all of them) were ineffective.  Our independent review of the record also permits us to review whether the plea was entered into knowingly, intelligently and voluntarily and if the sentence was in accordance with law. Additionally, we can review the pretrial motion rulings, i.e. denial of the motion for

continuance and denial of the appointment of an investigator. As such, each issue will be reviewed in turn.

Pre-Trial Rulings

{¶ 19} Starting with the suppression ruling, Wood's argument is that the trial court should have suppressed the statements he made to Detective Walker because they agreed to speak under a "Proffer Agreement." He claims that the support for this position can be found in court transcripts for the "2009 CR 289 case."

{¶ 20} At the outset it is noted that Wood pled no contest, therefore he preserved his ability to appeal the decision of the suppression order and other pretrial orders. Crim.R. 12(I).

{¶ 21} In reviewing the suppression transcript, it is clear that Detective Walker acknowledges that Wood asked about making a "Proffer Statement." The detective was unfamiliar with such a statement and Wood explained that that type of statement was made off of the record and could not be used to incriminate him. 12/08/10 Tr. 19. The detective told Wood that he would have to clear that with the prosecutor's office. However, before he could make the call to the prosecutor's office, Wood told him that that would not be necessary as long as the detective told the prosecutor Wood was cooperative. 12/08/10 Tr. 19. The detective admitted that what Wood wanted in exchange for his cooperation was for any potential sentence for the Summitville Recycling crime to run concurrent with the charges in another county. 12/08/10 Tr. 26-27. Detective Walker told him he could not do anything about the other counties, but that he would tell the prosecutor that Wood was cooperative. 12/08/10 Tr. 27.

{¶ 22} At the suppression hearing, questions were also asked about Wood's ability to waive his rights and incriminate himself. It was revealed that during the commission of the crime Wood was high on heroin and that during his stay in the Columbiana County Jail he was in withdrawal from that drug. Detective Walker indicated during his testimony that it had been over a week since Wood's arrest when the detective took Wood's statement about the Summitville Recycling burglary. 12/08/10 Tr. 9-13. Thus, the drug was no longer in his system. The detective also indicated that Wood stated in one of his written requests to see the detective that he was feeling better and that "his head was more straight." 12/08/10 Tr. 17. Detective

Walker indicated that Wood appeared to know what he was doing and his answers and statement were coherent. 12/08/10 Tr. 17-18.

{¶ 23} Considering that the detective got permission from Wood's counsel of record to talk to him regarding any case but the Brown case, that the detective read Wood his *Miranda* rights, that there was no evidence that there was an agreement that the statement could not be used against him, and that there was no indication from Wood's demeanor or statements that he did not understand what he was doing by giving the statement, the decision was not incorrect.

{¶ 24} Admittedly, Wood now contends that there is evidence that there was an agreement that the statement could not be used against him. According to him, that evidence is found in a transcript in another case. However, that transcript is not part of the record before this court. We are a court of record and can only review the record; we cannot consider matters outside the record. *State v. Oliver*, 7th Dist. No. 07MA169, 2008-Ohio-6371, ¶90. Thus, we cannot determine whether that alleged transcript provides evidence that there was an agreement that the statements made by Wood to the officer would not be used against Wood. See *State v. Williams,* 10th Dist. No. 08AP–719, 2009–Ohio–3237, ¶32 (because appellant's claim that counsel was ineffective for failing to introduce police reports relies upon evidence outside the record, "it is impossible to discern whether counsel was ineffective"); *State v. Smith,* 1st Dist. No. C–080607, 2009–Ohio–3258, ¶13 (because claim of ineffective assistance of counsel for failing to obtain copy of police report was based on matters outside record, the court could not consider claim on direct appeal). Consequently, his argument regarding the suppression ruling fails.

{¶ 25} As for the other pretrial rulings, there was the denial of the motion to continue and the denial of the motion to appoint an investigator. The decision to grant or deny a continuance must consider all of the circumstances surrounding the request and when considering those factors it is within the discretion of the trial court to grant or deny such request. *State v. Landrum* (1990)*, 53 Ohio St.3d 107, 115. The factors include "the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is

dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." *State v. Unger* (1981)*, 67 Ohio St.2d 65, 67-68.

{¶ 26} Here, the record indicates that the case had been pending for over a year, trial was scheduled to start within a week of the requests, Wood had been restored to competency for approximately seven months, the current attorney had been representing Wood for approximately six months, and continuances were previously granted so that counsel could go through the evidence. The record also shows that counsel for the state had provided discovery and continued to provide discovery throughout the proceedings. Thus, given those circumstances, we cannot find that the trial court abused its discretion in denying the motion.

{¶ 27} As to the motion for an investigator, similar to the denial of the motion to continue, we review the trial court's decision to deny the request for an investigator under an abuse of discretion standard of review. *State v. Pollock* (Sept. 24, 1993), 6th Dist. No. L-92-034. See *State v. Trummer* (Dec. 16, 1998), 7th Dist. No. 96CO97 (discussing the right to an investigator for help in filing a petition for post conviction relief). While there is a claim that there is a lot of evidence in the case, as explained above, defense counsel had six months to go through the evidence and had been granted a previous continuance to go through the evidence. Furthermore, it is unclear how a case with two victims and four defendants, some of which were already sentenced, required an investigator to aid defense counsel in preparation for trial. See *State v. Wolf* (Dec. 11, 1991), 11th Dist. No. 91-L-096. Thus, we do not find that the trial court abused its discretion. Consequently, there are no appealable issues regarding the pretrial motion rulings.

Plea

{¶ 28} Crim.R. 11(C) provides that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently and voluntarily. These advisements are typically divided into constitutional rights and nonconstitutional rights. The constitutional rights are: 1) a jury trial; 2) confrontation of witnesses against him; 3) the compulsory process for obtaining

witnesses in his favor; 4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial, and 5) that the defendant cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c); *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, ¶19-21. The trial court must strictly comply with these requirements; if it fails to strictly comply, the defendant's plea is invalid. *Veney,* supra, at ¶31; *State v. Ballard* (1981), 66 Ohio St.2d 473, 477.

{¶ 29} The nonconstitutional rights that the defendant must be informed of are: 1) the nature of the charges; 2) the maximum penalty involved, which includes, if applicable, an advisement on postrelease control; 3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions, and 4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney,* supra, at ¶10-13; *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, ¶19-26, (indicating that postrelease control is a nonconstitutional advisement). For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero* (1990), 56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney,* supra, at ¶15, quoting *Nero,* supra, at 108. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney,* supra, citing *Nero,* supra.

{¶ 30} The trial court's advisement on the constitutional rights strictly complied with Crim.R. 11(C)(2)(c). Wood was informed that by pleading no contest he was waiving his right to a jury trial, to confront witnesses against him, to subpoena witnesses in his favor and to have the state prove at trial each and every element of the offenses by proof beyond a reasonable doubt. 02/22/11 Tr. 20, 31-33. Lastly, as to the constitutional rights, he was informed that if he went to trial he could not be compelled to testify against himself and that by pleading no contest he was giving up that right. 02/22/11 Tr. 32-33. Wood indicated after the explanation of every right that

he understood the right and understood that by pleading no contest he was waiving those rights. 02/22/11 Tr. 20, 31-33.

{¶ 31} As to the Crim.R. 11(C) advisement on the nonconstitutional rights, Wood was advised of the charges against him, one count of first-degree felony aggravated burglary, two counts of first-degree felony kidnapping, and one count of third-degree felony complicity to commit burglary. 02/22/11 Tr.16-23. He was also correctly advised of the maximum penalties for the indicted offenses. He was advised that the maximum term for the first-degree felonies is ten years apiece and the maximum term for the third-degree felony is five years. 02/22/11 Tr. 26-29. See, also, R.C. 2929.14(A)(1) and (A)(3). Wood was informed that he was subject to a three year term for each of the firearm specifications. 02/22/11 Tr. 26-29. See also R.C. 2941.145 (stating imposition of three year firearm specification). He was told that the maximum fine for each first degree felony was $20,000 and the maximum fine for the third degree felony was $10,000. 2/22/11 Tr. 26-19. See also, R.C. 2929.18(A)(3)(a) and (A)(3)(c). Lastly, Wood was told that he was subject to a five year term of postrelease control. 02/22/11 Tr. 30-31. See, also, R.C. 2967.28(B)(1).

{¶ 32} Although the trial court did not advise Wood that it could proceed directly to sentencing that does not render the plea invalid. Wood specifically requested that the court proceed directly to sentencing. 02/22/11 Tr. 42. Thus, there is no prejudicial effect in failing to advise Wood that it could proceed directly to sentencing.

{¶ 33} The last nonconstitutional advisement is to be advised, if it is applicable, of the ineligibility of community control or probation. If found guilty of all charges, the firearm specifications, which merged, required a mandatory three year term. Thus, he was ineligible for community control or probation. While the record shows an indication of the mandatory firearm specification sentence, that is not a clear advisement to Wood that he is ineligible for community control or probation. *State v. McQueen*, 7th Dist. No. 08MA24, 2008-Ohio-6589, ¶49. However, by stating that prison is mandatory, it is implicit that he is not eligible for community control or probation. As such, we cannot find that the advisement did not substantially comply with Crim.R. 11(C)(2)(a). Id. Thus, in total, the nonconstitutional advisements substantially complied with Crim.R. 11(C).

{¶ 34} Considering all the above, we find that the plea colloquy complied with Crim.R. 11(C) and, as such, the plea was intelligently, voluntarily, and knowingly entered. There are no appealable issues concerning the plea.

Counsel's Performance

{¶ 35} To prove an allegation of ineffective assistance of counsel, the two-prong *Strickland* test must be met. *Strickland v. Washington* (1984), 466 U.S. 668. First, one must establish that counsel's performance fell below an objective standard of reasonable representation. Id. at 687; *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Second, one must show that he/she was prejudiced by counsel's deficient performance. *Strickland,* supra, at 687. Or in other words, it must be shown that but for counsel's errors the result of the trial would have been different. *Bradley,* supra, at paragraph three of the syllabus. If this court finds that either prong fails, there is no need to analyze the remaining prong because in order for ineffective assistance of counsel to be shown, both prongs must be established by the appellant. *State v. Herring,* 7th Dist. No. 06JE8, 2007-Ohio-3174, ¶43.

{¶ 36} Wood asserts that he had ineffective assistance of counsel. He is correct that he had four different attorneys during his case. The first counsel retired from the Public Defenders Officer. The next two attorneys (who were co-representing him) had conflicts of interest that involved representing an informant on the case. The fourth attorney was appointed six months prior to trial.

{¶ 37} Wood complains that his attorneys did not provide him with a bill of particulars or discovery. The record before this court clearly indicates that the first attorney requested discovery and a bill of particulars. 03/29/10 Motions. The bill of particulars was filed on April 22, 2010. The state also answered discovery on that date. The state then complied with its continuing obligation for discovery on September 13, 2010, September 16, 2010, November 24, 2010 and February 14, 2011.

{¶ 38} The record contains no indication of whether Wood was advised of what was in the discovery or that he was given any of that information. However, merely based upon his allegation, we cannot find counsel ineffective.

{¶ 39} Moreover, counsels' actions were not deficient. His first appointed counsel requested a competency evaluation, which deemed Wood to be incompetent. After he was deemed competent, the last attorney was appointed. That counsel moved to have count four of the indictment tried separately from the first three counts, which the transcript indicates was granted. Counsel also moved to suppress Wood's statement, moved for a continuance, moved for a change of venue and moved to have an investigator appointed. Except for the change of venue motion, which was held in abeyance, those motions were denied. Counsel also moved to enter a plea of not guilty by reason of insanity, which was rejected because the court found Wood to be competent.

{¶ 40} These actions by counsel do not show a deficient performance, but rather show counsel adamantly defending Wood. Furthermore, we note that Wood clearly indicated at the plea hearing that he was happy with counsel's performance stating that she did an "incredible" job. 02/22/11 Tr. 35.

{¶ 41} Wood also alleges that counsel that represented him in the Brown case (09CRA1337) was ineffective because that counsel, Attorney Sherill Liebschner, gave Detective Walker written permission to interview Wood about any case not related to the Brown (09CRA1337) case.

{¶ 42} The transcript from the suppression motion shows that Detective Walker obtained written permission to speak to Wood about any case not related to the Brown case. 12/08/10 Tr. 11. The record also indicates that while being represented by Attorney Liebschner, Wood contacted Detective Walker numerous times through inmate correspondence asking to speak with the officer. 12/08/10 Tr. 8-13. When Detective Walker spoke with Wood, Wood indicated he was willing to talk about the Summitville Recycling case. 12/08/10 Tr. 13-14. The officer read Wood his rights and Wood waived those rights. 12/08/10 Tr. 14-16.

{¶ 43} The record is clear that Wood wanted to speak with the detective about the Summitville Recycling Burglary. Wood's actions show that he clearly wished to speak with the detective without the presence of counsel. He pursued the detective; the detective did not initiate the conversation. Furthermore, Wood was read his rights prior to making the statements and he waived those rights. The only thing the record

shows is that Wood wanted the prosecutor to know that he was cooperative and that he wanted any prison time he received for this crime to run concurrent with a case out of Jefferson County, Ohio. Both of those things occurred. Thus, while it may not have been the most prudent thing for counsel in the Brown case to give permission for Wood to speak to the detective about any case, it is clear that it was Wood's intention to pursue such action. Thus, we cannot say that counsel was ineffective. There are no appealable issues regarding counsels' performances.

<u>Sentencing</u>

**{¶ 44}** We review felony sentences using both the clearly and convincingly contrary to law and abuse of discretion standards of review. *State v. Gratz,* 7th Dist. No. 08MA101, 2009-Ohio-695, ¶8; *State v. Gray,* 7th Dist. No. 07MA156, 2008-Ohio-6591, ¶17. We first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. *Gratz,* supra, at ¶8, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶13-14. Then, if it is not clearly and convincingly contrary to law, we must determine whether the sentencing court abused its discretion in applying the factors in R.C. 2929.11, R.C. 2929.12 and any other applicable statute. *Gratz,* supra, ¶8, citing *Kalish,* supra, at ¶17.

**{¶ 45}** Here, Wood pled no contest to first-degree felony aggravated burglary, two counts of first-degree felony kidnapping and one count of third-degree felony complicity to commit burglary. The first three counts each contained a firearm specification. The trial court found him guilty of all counts. For purposes of sentencing, the firearm specifications merged. The trial court sentenced Wood to an aggregate sentence of 26 years. 02/24/11 Tr. 17; 03/02/11 J.E. He received 10 years on each of the first degree felonies, which is within the applicable statutory range. R.C. 2929.14(A)(1) (stating that the sentence for a first degree felony is three, four, five, six, seven, eight, nine or ten years). Counts two and three were ordered to be served concurrent to each other but consecutive to the first count. The firearm specifications merged and he received the mandatory three year sentence for that crime, which was ordered to be served consecutive to all other counts. R.C. 2941.145. On the third-degree felony, he received a three year sentence which is within the applicable

statutory range. R.C. 2929.14(A)(3) (stating that the sentence for a third-degree felony is one, two, three, four, or five years). That sentence was also ordered to be served consecutively to the other counts.

{¶ 46} Prior to issuing the above sentence, the trial court heard testimony from the detective and a statement from Wood. There was also a discussion as to Wood's criminal history.

{¶ 47} In the judgment entry the trial court indicated:

{¶ 48} "Upon due consideration of the statements of counsel, the Indictment, the testimony of Detective Walker and the statement of the Defendant himself, as well as the purposes of and principles of sentencing, and all other relevant factors including but not limited to all seriousness and recidivism factors, (R.C. 2929.11 and 12), it is the decision of the Court that the Defendant shall be imprisoned in a State Correctional Facility for a term of * * *."

{¶ 49} Thus, we cannot find that the sentence was neither clearly and convincingly contrary to law nor that it was an abuse of discretion. The sentence was within the statutory limits and the trial court considered all relevant information prior to issuing a sentence. There are no appealable sentencing issues.

## CONCLUSION

{¶ 50} For the foregoing reasons, the judgment of the trial court is hereby affirmed and counsel's motion to withdraw is granted.

Donofrio, J., concurs.
Waite, P.J., concurs.