[Cite as *State v. Reber*, 2018-Ohio-4016.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

VINCENT REBER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0028**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 16 CR 1042

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Ralph Rivera*, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee, and

*Atty. John Juhasz*, 7081 West Boulevard, Suite 4, Youngstown, Ohio 44512, for Defendant-Appellant.

Dated:
September 28, 2018

**Donofrio, J.**

{¶1} Defendant-appellant, Vincent Reber, appeals his convictions following guilty pleas in the Mahoning County Court of Common Pleas to one count of aggravated murder in violation of R.C. 2903.01(B), an unclassified felony, and one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree.

{¶2} On September 15, 2016, appellant was indicted on three counts: aggravated murder in violation of R.C. 2903.01(B), aggravated robbery in violation of R.C. 2911.01(A)(1), and aggravated burglary in violation of R.C. 2911.11(A)(2), a felony of the first degree. All three charges carried firearm specifications pursuant to R.C. 2941.145(A). Appellant entered pleas of not guilty to all counts.

{¶3} Following appellant's arraignment on September 27, 2016, the trial court appointed counsel for appellant. The trial court also set the initial discovery pretrial for October 4, 2016 and set trial for November 21, 2016.

{¶4} On October 3, 2016, appellant submitted to the plaintiff-appellee, the State of Ohio, numerous discovery requests. These requests included: a bill of particulars, a motion for notice of intention to use evidence, a motion for disclosure of favorable evidence, and a request for discovery. On October 4, 2016, appellant filed a notice and receipt of discovery from the state. Appellant acknowledged that he received from the state an information packet regarding his case containing 47 items, 11 of which were DVDs.

{¶5} On October 14, 2016, the trial court issued a judgment entry containing numerous rulings. Relevant to this appeal, the trial court acknowledged that appellant knowingly, intelligently, and voluntarily waived his right to a speedy trial. The trial court also granted appellant's oral motion to continue trial due to the "case being recently arraigned and Defense Counsel needing additional time to prepare and investigate matters pertaining to the disposition of this case[.]"

{¶6} The October 14, 2016 judgment entry contains two errors as it relates to appellant's oral motion to continue. First, it states that the original trial date was October 11, 2016. Second, it holds that the jury trial was to be continued until November 21,

2016. The trial court's initial judgment entry dated September 27, 2016 set the trial for November 21, 2016.

{¶7} On October 19, 2016, the state filed a notice of supplemental discovery that it provided to appellant. This notice contained another 19 items that were disclosed to appellant including a DVD and audiotaped interviews and jail phone calls.

{¶8} On November 1, 2016, the state filed another notice of supplemental discovery. This notice indicated that three BCI lab reports were available for appellant to review in preparation for his trial. On the same day, the state also filed a supplemental witness list identifying another four potential witnesses.

{¶9} On November 14, 2016, the state filed a third notice of supplemental discovery. This notice contained one item, a BCI lab report.

{¶10} On November 16, 2016, appellant made an oral motion to continue trial at a pretrial hearing. The state did not oppose this motion. But the trial court ultimately denied this motion.

{¶11} On November 17, 2016, the state filed a fourth notice of supplemental discovery containing one item, a BCI lab report along with the CV of one potential witness.

{¶12} On November 18, 2016, the state filed a fifth notice of supplemental discovery containing one item, a Youngstown Police Department crime scene diagram.

{¶13} On the date of trial, November 21, 2016, appellant filed a motion to continue. In this motion, appellant argued that between the indictment and the trial date, approximately 60 days had passed. Appellant also argued that the state provided him with a great amount of discovery and due to the limited amount of time before trial, this rendered his counsel unable to fully counsel him on a plea agreement or prepare for trial.

{¶14} Appellant never had a trial. Instead, on the date of trial, the trial court held two hearings: a plea offer hearing and a change of plea and sentencing hearing. At the plea offer hearing, the state noted that it offered to dismiss appellant's aggravated burglary charge and all of the firearm specifications and would recommend a sentence of 20 years to life in exchange for appellant pleading guilty to aggravated murder and aggravated robbery. (Offer Tr. 2)

Case No. 17 MA 0028

{¶15} Appellant's counsel explained that there were multiple pieces of discovery that were disclosed within a month of trial, some of it only disclosed approximately a week before trial. (Offer Tr. 3). Appellant's counsel also expressed how he wanted to explore pursuing the affirmative defense of duress. (Offer Tr. 4-5). The trial court indicated that much of the recent discovery appellant's counsel received would be excluded because it would delay trial. (Offer Tr. 5).

{¶16} Appellant's counsel also explained that due to the amount of recent discovery, appellant did not fully understand the legal ramifications of it, specifically how it related to a duress defense. (Offer Tr. 7). In an attempt to reach a plea deal, the trial court stated the following to appellant directly:

> **THE COURT**: I'm a part of encouraging, if not directing, your lawyer to try and make a deal. If you don't want a deal, that's okay. That's your decision. But this is a case, based upon what the lawyers have told me in pretrial, should be discussed, because the down side for you, if you get nailed with everything, is that you would never get out of prison. That's what could happen.

(Offer Tr. 11).

{¶17} Regarding appellant's motion to continue filed the same day, the trial court indicated that it did not read this motion. The trial court noted that the prior week, it overruled an oral motion to continue made by appellant and unopposed by the state. The trial court explained the reason for its denial of a continuance was that it had granted appellant's first motion to continue. (Offer Tr. 14) After the plea offer hearing, the trial court recessed for a few hours.

{¶18} That same day, after the recess, the parties reconvened for a change of plea and sentencing hearing. Appellant's counsel noted that he talked to appellant for more than two hours. (Plea and Sent. Tr. 2). Appellant then withdrew any pending motions and accepted the state's plea offer. (Plea and Sent. Tr. 3). The trial court proceeded to perform the Crim.R. 11 plea colloquy and accepted appellant's guilty pleas. (Plea and Sent. Tr. 4-11).

{¶19} The trial court sentenced appellant to 11 years of incarceration on the armed robbery conviction and 20 years of incarceration on the aggravated murder conviction. The trial court ordered these sentences to run concurrently.

{¶20} The trial court memorialized appellant's sentence in a judgment entry dated November 29, 2016. Appellant filed a motion for a delayed appeal on February 13, 2017 which this court granted. Appellant raises two assignments of error.

{¶21} We will address appellant's second assignment of error out of order for ease of discussion.

APPELLANT WAS DENIED DUE PROCESS AND THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE TRIAL COURT REFUSED TO CONTINUE THE TRIAL, IN VIOLATION OF LIBERTIES GUARANTEED BY U.S. CONST., AMEND. XIV AND OHIO CONST., ART. I, §§ 1, 2, 10, AND 16.

{¶22} Appellant argues that he was essentially denied the effective assistance of counsel because his trial counsel was unprepared to try the case or accurately advise him on a plea offer. Appellant argues that due to the length of time between arraignment and trial and the volumes of discovery, the trial court abused its discretion by failing to continue the trial.

{¶23} The trial court's judgment denying a motion to continue is reviewed for abuse of discretion. See *State v. Wood*, 7th Dist. No. 11 CO 9, 2011-Ohio-6405, ¶ 27. Abuse of discretion implies that the court acted in an unreasonable, arbitrary, or unconscionable manner. *State ex rel. Sartini v. Yost*, 96 Ohio St. 3d 37, 2002-Ohio-3317, 770 N.E.2d 584.

{¶24} Appellant argues that the six-factor test set forth by the Ohio Supreme Court establishes that the trial court abused its discretion by not granting him a continuance. "The six factors are: 1) the length of the delay requested; 2) whether other continuances have been requested and granted; 3) the inconvenience to litigants, witnesses, opposing counsel and the court; 4) whether the requested delay is legitimate or not; 5) whether the defendant contributed to the circumstances giving rise to the request for the continuance; and 6) other relevant factors, depending on the unique

facts of each case." *State v. Mitchell*, 7th Dist. No. 88 C.A. 130, 1995 WL 310044 citing *State v. Sowders*, 4 Ohio St.3d 143, 447 N.E.2d 118 (1983).

**{¶25}** Regarding the length of the delay requested, appellant's motion to continue requested a 30-day continuance. This is not an unreasonable request under the circumstances. Appellant was arraigned less than 60 days prior to the trial date, the state disclosed extensive discovery, and the charges at issue carry a potential sentence of life imprisonment. Due to the severity of the charges and overall minimal amount of time appellant requested, the requested continuance was reasonable.

**{¶26}** Regarding whether other continuances have been requested and granted, the trial court's judgment entry dated October 14, 2016 continued appellant's trial to November 21, 2016. This is the same original trial date set forth in the trial court's arraignment judgment entry. While appellant requested a continuance on October 6, 2016, the trial court granted said continuance to the original trial date so appellant never actually received a continuance in this case.

**{¶27}** Regarding the inconveniences to all parties, at the plea offer hearing, the trial court addressed an oral motion to continue trial at a pretrial hearing made by appellant approximately one week prior. The trial court noted that, at the pretrial hearing, "everybody wanted it continued". (Offer Tr. 14). From this, a continuance would not have inconvenienced appellant or the state. Also, the record contains no indication of any inconvenience on the part of any potential witnesses.

**{¶28}** Regarding whether the requested delay is legitimate, appellant's motion to continue trial dated November 21, 2016 notes that less than 60 days elapsed between appellant's arraignment and the trial date. The motion notes that the state's initial discovery disclosures contained over 100 pages of documents as well as several hours of interviews with appellant, the co-defendants, and possible witnesses. The supplemental discovery contained numerous documents as well as hours of recorded jail phone calls. The motion also notes that appellant was unable to have any independent review of any scientific evidence that the state disclosed because some of the scientific evidence was disclosed one week before trial.

**{¶29}** Moreover, appellant's motion to continue says, in part:

Given the voluminous nature of the discoverable material, counsel has not even been able to fully review said material. Counsel has not been able to listen to the jail calls of the Co-Defendants (or even all of the Defendant's) and counsel certainly hasn't been able to review said material fully enough to conduct meaningful cross-examinations of witnesses or consider the effect of said evidence on his defense.

Counsel has attempted to, at the same time he reviewed the above-mentioned discoverable material, also attempted to conduct legal research on a variety of issues including possible defenses in this matter. Given the lack of time, counsel has been unable to adequately and effectively complete this legal research.

11/21/16 Mot. at 2.

{¶30} Based on appellant's motion, appellant's counsel was unprepared for trial or to fully counsel him regarding the evidence or a potential plea due to extensive discovery and limited time. Therefore, appellant's request for a continuance was legitimate.

{¶31} Regarding whether the defendant contributed to the circumstances giving rise to the request for the continuance, the continuance was requested due to the large amount of discovery provided by the state and lack of time to prepare. Appellant did not contribute to the circumstances giving rise to his request for a continuance.

{¶32} Regarding other relevant factors, appellant was charged with serious crimes and faced serious penalties and a potential life sentence. Appellant had also executed a waiver of his speedy trial right.

{¶33} The state argues that *Sowders* affirmed a trial court's judgment denying a motion to continue and allowing a trial to commence eleven days after arraignment. *Sowders*, 4 Ohio St.3d at 144-145. *Sowders* is factually dissimilar because the defense counsel in *Sowders* requested a continuance to: locate witnesses, interview witnesses, and subpoena witnesses. *Id.* at 145. But defense counsel made no showing as to what efforts he put forth in performing these tasks and why a continuance was necessary. *Id.*

Case No. 17 MA 0028

In this case, appellant's counsel requested a continuance due to discovery constantly being disclosed, in some instances, a week before trial.

{¶34} The state also argues that appellant's trial counsel put forth no facts to indicate that he was unprepared for trial. This is not accurate. At the plea offer hearing, appellant's counsel admitted that he was not completely prepared for trial due to the extensive discovery provided by the state. (Offer Tr. 3-5, 14-15). Appellant's motion to continue trial date states that counsel was not able to review all of the evidence in order to perform "meaningful cross-examinations of witnesses" or to "adequately and effectively" complete legal research. Moreover, the jailhouse phone calls that were disclosed potentially affected an affirmative defense appellant was seeking to employ. (Offer Tr. 3-4). Based on the *Sowders* six-factor test, the trial court abused its discretion in not granting appellant's motion to continue trial.

{¶35} Accordingly, appellant's second assignment of error has merit and is sustained.

{¶36} Appellant's first assignment of error states:

APPELLANT WAS DENIED DUE PROCESS AND THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE TRIAL COURT COERCED AND THEN ACCEPTED HIS GUILTY PLEAS, IN VIOLATION OF LIBERTIES GUARANTEED BY U.S. CONST., AMEND. XIV AND OHIO CONST., ART. I §§ 1, 2, 10, AND 16.

{¶37} Appellant argues that he did not enter his guilty pleas knowingly, intelligently, and voluntarily. He asserts the trial court coerced him into pleading guilty by presenting him with two options: either proceed to trial that day with counsel who was admittedly unprepared due to new discovery or accept the state's plea offer.

{¶38} In a criminal case, a plea must be made knowingly, voluntarily and intelligently. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 7; *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. If a plea is not knowing, voluntary, and intelligent, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03MA196, 2004-Ohio-6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Case No. 17 MA 0028

**{¶39}** As we concluded in appellant's second assignment of error, the trial court abused its discretion by not granting appellant's requested continuance. Consequently, appellant was faced with the decision to either proceed immediately to trial with counsel who was not prepared to try the case, though not counsel's fault, or to plead guilty. Based on these facts and the trial court's abuse of discretion in failing to grant the continuance, we conclude that appellant did not enter his pleas knowingly, voluntarily, and intelligently.

**{¶40}** Accordingly, appellant's first assignment of error has merit and is sustained.

**{¶41}** For the reasons stated above, the trial court's judgment is hereby reversed. Appellant's guilty pleas are vacated. This matter is remanded for further proceedings pursuant to law and consistent with this opinion.

Waite, J., concurs

Robb, P. J., concurs

_____

For the reasons stated in the Opinion rendered herein, appellant's two assignments of error are sustained. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed, and appellant's pleas are hereby vacated. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**