[Cite as *Cleveland v. Wells*, 2023-Ohio-1666.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111494 |
| v. | : | |
| RAVEN WELLS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** May 18, 2023

Criminal Appeal from the Cleveland Municipal Court
Case No. 2021-CRB-013154

## *Appearances:*

Mark Griffin, Cleveland Director of Law, Aqueelah A. Jordan, Chief Prosecuting Attorney, and Ameed M. Kollab, Assistant Prosecuting Attorney, *for appellee*.

Milton and Charlotte Kramer Law Clinic, Case Western Reserve University School of Law, and Andrew S. Pollis, Supervising Attorney, Matthew Borcas and Rebecca Singer-Miller, Legal Interns, *for appellant*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Raven Wells ("Appellant"), appeals her conviction for aggravated disorderly conduct, a first-degree misdemeanor.

{¶ 2} For the reasons set forth below, we vacate the conviction and remand to the trial court for proceedings consistent with this opinion.

**Background and Procedural History**

{¶ 3} In December 2021, the city of Cleveland ("City") charged Appellant with aggravated menacing under C.C.O. 621.06.  Over the following three months, Appellant attended seven pretrials related to the charge, with appellant's counsel ("A.C.") representing her in all but the first pretrial.  On March 8, 2022, A.C. arrived late to Appellant's scheduled pretrial on Zoom; substitute counsel ("S.C.") had temporarily stepped in on her behalf.  S.C. had not previously appeared in the case and stated that she was attending the hearing on behalf of A.C. The trial court scheduled the trial date for March 23, 2022.  On March 23, 2022, the prosecutor, all witnesses, and Appellant were present, but A.C. did not appear.  The court attempted to contact A.C. to no avail.  Eventually, the court rescheduled the case until April 6, 2022, and dismissed the City's witnesses. However, the victim remained.

{¶ 4} After the court ordered the continuance, S.C. arrived and indicated she was present on A.C.'s behalf and the following exchange with the trial court occurred:

THE BAILIFF:  Counsel, would you state your name, for the record[?]

SUBSTITUTE COUNSEL:  Sure.

SUBSTITUTE COUNSEL:  * * *  Here on behalf of * * * for Raven Wells.

THE COURT: Scheduled for trial at 11:00.

SUBSTITUTE COUNSEL: I understand. She asked me to cover it. I was in a different courtroom. She's not in the building, so I apologize.

THE COURT: You're covering the trial?

SUBSTITUTE COUNSEL: I'm not doing the trial, no. I'm asking for a continuance.

THE COURT: Continuance is denied. Tell her she needs to get over here in five minutes.

SUBSTITUTE COUNSEL: She's in Juvenile Court.

THE COURT: She needs to get over here in five minutes. She scheduled this trial date, so she needs to get over here in five minutes.

SUBSTITUTE COUNSEL: Okay.

THE COURT: These people have been here for more than an hour. Then she's not responding to her phone or text messages so it's a no.

* * *

CITY: This is why I wanted to make it clear. I told the other attorney there is some evidence that I have today from the day of the incident. I haven't been able to reach Attorney * * * to give it to her, in the first place, but I wanted to give it to her prior to trial. It was a video that I was going to use, so it's pretty important.

(Tr. 56-57.)

{¶ 5} Subsequently, the trial court went off the record. Upon resuming on the record, S.C. requested to negotiate a resolution with the City whereby, the City relayed an offer previously made to the Appellant.

{¶ 6} S.C. consulted Appellant, and subsequently, Appellant agreed to plead guilty to aggravated disorderly conduct, a misdemeanor of the first degree. The trial court informed Appellant of her rights, without advising her of the effect of the plea.

Thereafter, the trial court accepted her plea, found Appellant guilty of aggravated disorderly conduct, and scheduled Appellant's sentencing for April 6, 2022.

{¶ 7} On June 30, 2022, the trial court sentenced Appellant to 180 days in jail (suspended), a $1,000 fine ($900 suspended), and five years of probation on the aggravated disorderly conduct conviction. Appellant timely appeals and raises the following two assignments of error:

### Assignment of Error No. 1

The trial court erred in accepting Ms. Wells' guilty plea without first advising Ms. Wells of the plea's effect.

### Assignment of Error No. 2

The trial court erred in accepting Ms. Wells' guilty plea because the lack of effective representation rendered her plea involuntary.

## Law and Analysis

{¶ 8} The City concedes that the trial court should not have proceeded without Appellant's retained counsel. Since resolution of the second assignment of error is dispositive, we will address it first.

## Ineffective Assistance of Counsel

{¶ 9} Appellant's second assignment of error alleges that Appellant's plea was involuntary based on ineffective assistance of counsel. The standard of review for ineffective assistance of counsel claims is de novo. *State v. Weaver*, Slip Opinion No. 2022-Ohio-4371, ¶ 25, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E. 2d 77. "Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid." *State v.*

*Medina*, 8th Dist. Cuyahoga No. 109693, 2021-Ohio-1727, ¶ 6, citing *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 10, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. *See State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996), citing *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 101 (1927) ("When a defendant enters a plea in a criminal case, the plea must be knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United State Constitution and the Ohio Constitution."); *State v. Robinson*, 8th Dist. Cuyahoga No. 110467, 2022-Ohio-1311, ¶ 20. However, a guilty plea waives a defendant's right to claim that he or she was prejudiced by ineffective assistance of counsel, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowingly, intelligently, and voluntarily. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 12. Appellant argues that her counsel's failure to appear on the day of trial, and S.C.'s inability to proceed with the trial, combined with the trial court's refusal to continue the matter rendered her plea involuntary because it forced her to accept a plea she would not otherwise have accepted.

{¶ 10} To establish that trial counsel was ineffective, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant. *State v. Bunch*, Slip Opinion No. 2022-Ohio-4723, ¶ 26, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. This requires showing that counsel made errors so serious that counsel was not

functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. *Id.* Here, after consultation with S.C., Appellant agreed to plead guilty, despite her consistent desire to have a trial. So, the question is whether S.C. was deficient in her representation of Appellant. As a general matter, defense counsel's tactical decisions and trial strategies — even "debatable" ones — do not constitute ineffective assistance of counsel. *See e.g.*, *State v. Black*, 2019-Ohio-4977, 149 N.E.3d 1132, ¶ 35 (8th Dist.); *State v. Foster*, 8th Dist. Cuyahoga No. 93391, 2010-Ohio-3186, ¶ 23; *see also State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 101, 111. Reviewing courts "will ordinarily refrain from second-guessing strategic decisions counsel make at trial," even where trial counsel's strategy was "questionable" and even where appellate counsel argues that they would have defended against the charges differently. *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, ¶ 152; *State v. Mason*, 82 Ohio St.3d 144, 169, 694 N.E.2d 932 (1998); *State v. Quinones*, 8th Dist. Cuyahoga No. 100928, 2014-Ohio-5544, ¶ 25.

{¶ 11} Given the circumstances presented in this case, this general rule must be rejected. S.C. was deficient when she advised Appellant to plead guilty. Additionally, this court must consider the City's concession on the second assignment of error, in that the trial court should not have proceeded with the matter without Appellant's retained counsel. A.C. did not appear for Appellant's trial on March 23, 2022. Instead, S.C. appeared on behalf of A.C. When S.C. arrived, she stated, "I'm

not doing the trial, no. I am asking for a continuance." (Tr. 56.) Despite having continued the trial — prior to S.C.'s arrival, the trial court denied S.C.'s request for a continuance. After the trial court demanded three times that A.C. appear for trial within five minutes, S.C. requested an opportunity to negotiate a plea with the City on Appellant's behalf. However, the record established that the prosecutor informed the court that he had failed to give A.C. evidence he deemed important and intended to use at trial. Consequently, neither the Appellant nor S.C. had an opportunity to review all the evidence.

{¶ 12} The lack of an opportunity for the accused's counsel to investigate the circumstances of the offense and prepare a defense has been held to be a denial of effective assistance of counsel. *State v. Emory*, 12 Ohio App.3d 41, 465 N.E.2d 920 (8th Dist.1983). Here, S.C. had not reviewed Appellant's case. Moreover, she did not have a meaningful consultation with Appellant regarding the criminal charge against her. S.C. changed the purpose of her appearance to request a continuance to a decision to recommend Appellant plead guilty, without a complete review of all the evidence. Undeniably, S.C. was not prepared for trial. She was not Appellant's retained counsel. Any action other than a request for a continuance was deficient performance. S.C.'s decision to recommend Appellant to plead guilty to an amended charge resulted in Appellant receiving ineffective assistance of counsel.

{¶ 13} Nonetheless, ineffective assistance of counsel alone is not sufficient to void Appellant's guilty plea. Counsel's deficient performance must have prejudiced the defendant. As previously stated, in an ineffectiveness of counsel claim where a

defendant pleads guilty, the only prejudice recognized is when the ineffectiveness caused the plea to be less than knowing, intelligent and voluntary. In this case, an examination of whether Appellant's guilty plea was knowing, intelligent and voluntary cannot begin with S.C.'s appearance before the trial court on March 23, 2022.

{¶ 14} The record reflects that Appellant intended to exercise her right to a trial. She had appeared for seven pretrials and the City had previously offered Appellant a plea, which she rejected. Appellant was in a similar position as the defendant in *State v. Reber*, 7th Dist. Mahoning No. 17 MA 0028, 2018-Ohio-4016, ¶ 39. In that case "trial counsel was unprepared for trial * * * due to extensive discovery provided by the state and lack of time to prepare; defendant's guilty plea was not knowing, intelligent, and voluntary since the trial court coerced him into pleading guilty." *Id.* In *Reber*, when the trial court denied the request for a continuance, defendant was faced with the decision to either proceed immediately to trial with counsel who was not prepared to try the case or to plead guilty. *Id.*

{¶ 15} Here, on March 23, 2022, A.C. failed to appear for trial. For over an hour, the trial court attempted unsuccessfully to contact A.C. Eventually, the trial court continued the case and excused the City's witnesses. Subsequently, S.C. appeared with the noted intention to secure a continuance for Appellant's trial. S.C.

stated that A.C. was delayed in a juvenile court[1] hearing and asked for a continuance. The court denied S.C.'s oral motion for continuance and repeatedly told S.C. that she needed to get A.C. "over here" in five minutes to begin the trial. On the third order to S.C. to get A.C. "over here," the trial court stated, "She scheduled this trial date, so she needs to get over here in five minutes. These people have been here for more than an hour. Then she's not responding to her phone or text messages so it's a no." (Tr. 9.) Shortly after this exchange, S.C. asked if there was an offer. To this inquiry, the prosecutor answered, "There was previously, but." (Tr. 9.) At that point, the prosecutor asked to deal with the no-contact order violation. After the violation was addressed, the trial court stated, "Okay, the attorney should be en-route." (Tr. 12.) After discussing where the attorney was again, the trial court continued its insistence on the trial. Finally, the prosecutor stated that there may be a resolution and S.C. responded, "That's correct."

{¶ 16} Unlike *Reber*, Appellant did not raise the court's refusal to grant a continuance as an assignment of error, so we need not review the court's denial of the motion for continuance for an abuse of discretion. But because we must consider the totality of the circumstances, we cannot ignore the trial court's denial of S.C.'s motion to continue the trial after having already granted a continuance and releasing the city's witnesses. To prevail under the prejudice prong, a defendant need not show

---

[1] We take judicial notice that the distance from Cuyahoga County Juvenile Court to the Justice Center is approximately five miles and the drive, alone, would have taken A.C. at least 15 minutes to complete. Google Maps, *Directions from Cuyahoga County Juvenile Court to Cuyahoga County Justice Center Complex*.

that he or she would have been better off going to trial.  *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, 129 N.E.3d 404, ¶ 30.  Instead, a defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial.  *Id.* at ¶ 28.  In assessing whether it would be rational for a defendant to go to trial instead of pleading guilty, the court should consider the totality of circumstances.  *Id.* at ¶ 29.  Here, the Appellant only entered a plea of guilty after all the above, including the trial court's repeated demands for A.C.'s presence and S.C.'s unpreparedness to proceed to trial.  Undoubtedly, the Appellant felt undue pressure to resolve the matter.  Despite the absence of her retained counsel, the trial court was adamant about the trial proceeding.  However, S.C. was unprepared to proceed and alternatively recommended acceptance of a negotiated plea offer.  Clearly, the City's concession on this assignment of error is demonstrative of the dynamics of the proceedings.  Therefore, given the totality of the circumstances under which the Appellant entered her guilty plea, we find that counsel's ineffective assistance caused the Appellant to have not entered her plea of guilty knowingly, intelligently, and voluntarily.

{¶ 17} Accordingly, Appellant's second assignment of error is sustained.  The conviction is vacated and the matter is remanded to the trial court for proceedings consistent with this opinion.  Since this finding vacates the Appellant's conviction, Appellant's first assignment of error is deemed moot.

{¶ 18} Judgment vacated and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MICHAEL JOHN RYAN, J., CONCUR